HENNIGAN, BENNETT & DORMAN LLP
BRUCE BENNETT (Cal. Bar No. 105430)
JOSHUA M. MESTER (Cal. Bar No. 194783)
MICHAEL C. SCHNEIDEREIT (Cal. Bar No. 234956)
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Fax: (213) 694-1234

*Proposed Reorganization Counsel for
Debtors and Debtors in Possession*

**FILED & ENTERED**

**OCT 30 2009**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ngo        DEPUTY CLERK

**CHANGES MADE BY COURT**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>☐ CALIFORNIA COASTAL COMMUNITIES, INC.<br>☐ SIGNAL LANDMARK HOLDINGS INC.<br>☐ SIGNAL LANDMARK<br>☐ HEARTHSIDE HOLDINGS, INC.<br>☐ HEARTHSIDE HOMES, INC.<br>☐ HHI CHANDLER, L.L.C.<br>☐ HHI CHINO II, L.L.C.<br>☐ HHI CROSBY, L.L.C.<br>☐ HHI HELLMAN, L.L.C.<br>☐ HHI LANCASTER I, L.L.C.<br>☐ HHI SENECA, L.L.C.<br><br>☒ All Debtors<br><br>                        Debtors. | Case No. 09-21712-TA<br><br>CHAPTER 11<br><br>(Jointly Administered) With Case Nos.<br>8:09-21713 TA, 8:09-21714 TA, 8:09-21715 TA<br>8:09-21717 TA, 8:09-21718 TA, 8:09-21719 TA<br>8:09-21720 TA, 8:09-21721 TA, 8:09-21722 TA<br>8:09-21723 TA<br><br>**INTERIM ORDER (A) AUTHORIZING THE DEBTORS TO SELL HOME FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS (B) CONTINUING CUSTOMER PROGRAMS; AND (C) ESTABLISHING PROCEDURES FOR THE RESOLUTION AND PAYMENT OF OPERATIONAL LIEN CLAIMS**<br><br><u>Hearing</u><br>Date:  October 29, 2009<br>Time:  3:00p.m.<br>Place: Courtroom "5B"<br>       411 West Fourth Street<br>       Santa Ana, CA 92701-4593<br><br>Further Hearing:  Nov. 4, 2009<br>Time:             2:00 p..m.<br>Courtroom:        5B |

       This matter coming before the Court on the emergency motion (the "<u>Motion</u>") of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order

-1-

pursuant to sections 105(a), 363(b), (c) and (f), 506(b), 541, 546(b), 1107 and 1108 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") (i) authorizing, but not directing, the Debtors to sell Homes (as that term is defined in the Motion) free and clear of all liens, claims, encumbrances and other interests, including, without limitation, valid tax, judgment, construction, materialman's, mechanics' or any other liens (the "<u>Operational Liens</u>") and liens arising under the Debtors' prepetition secured financing facilities (the "<u>Lender Liens</u>"), (ii) authorizing the Debtors to continue with their prepetition Customer Programs (as defined in the Motion), and (iii) establishing procedures (the "<u>Lien Procedures</u>") for the resolution and payment of prepetition claims (the "<u>Operational Lien Claims</u>") of certain third parties (the "<u>Operational Lien Claimants</u>") who may be entitled under applicable state law to assert and perfect Operational Liens against the property being transferred pursuant to this order to secure payment of some or all of their claims against the Debtors; and upon the Declaration Of Raymond J. Pacini In Support Of The First Day Motions And Applications Filed By California Coastal Communities, Inc., And Affiliated Debtors; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest to the limited extent approved by this Order; and it appearing that the limited relief granted by this Order and requested by the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates; and good, adequate and sufficient cause has been shown to justify the immediate entry of this order; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    The Debtors are authorized, but not directed, to take such actions to close the sale of the Home located at Trails Home Lot 2 (the "<u>First Home</u>"), upon the consent of the Prepetition Agent, which consent shall not be unreasonably withheld, but shall sell no other homes without further order of the Court.

2.    The Debtors and any intermediary financial institution or escrow company participating in the First Home closing are authorized to transfer title, deed property and take any other actions as may be necessary to transfer ownership from "Signal Landmark" to the Debtors' homebuyer.

3.    Pursuant to section 363(f) of the Bankruptcy Code, the sale of the First Home by the Debtors shall be free and clear of any and all liens, claims, interests and encumbrances, including, without limitation, all Operational Liens and Lender Liens, whether asserted or unasserted, known or unknown, with all such liens to attach to the cash proceeds of such sale, as applicable, in the same force, effect and priority as such liens had immediately prior to the sale, subject to the rights and defenses of the Debtors and any party in interest with respect to any such asserted liens as may be limited, restricted, or waived by any cash collateral order, and such sale proceeds shall be deposited in a segregated bank account at Union Bank (the "<u>Union Bank Home Account</u>") and shall constitute cash collateral of the Prepetition Agent.

4.    The Debtors' title insurance agents and underwriters are authorized to provide title insurance without exception notwithstanding any statutory requirements requiring a "gap affidavit" or other documentation.

5.    A filing of a copy of this Order in the County of Orange may be relied upon by all title companies involved in order to issue their title policies with respect to the sale of the First Home located within such county without exception to the Operational Liens.

6.    The Debtors are authorized and directed to hold the proceeds of the First Home sale, subject to the terms set forth herein, and any intermediary financial institution or transfer agency participating in the closing of the sale of the First Home pursuant to this Order is authorized and directed to transfer such proceeds to the Union Bank Home Account.

7.    Operational Lien Claims secured by valid and enforceable Operational Liens shall be deemed secured claims against the Debtors to the extent of the proceeds from the sale of the First Home.

8.    No Operational Lien Claimant shall have any claim against the Debtors' escrow agents, title insurance agents or underwriters or the purchaser of the First Home with respect to any

1 asserted Operational Lien or other claim or interest relating to the First Home.

2    9.    For Operational Lien Claims reflected on the Debtors' books and records as relating to prepetition liabilities and as to which the Debtors, upon consultation with counsel for KeyBank National Association the agent for the Debtors' prepetition secured lenders (the "Agent"), determine that a valid Operational Lien exists, the Debtors may satisfy the Operational Lien Claims to the extent of the Operational Lien by making payment within five (5) business days of such determination, which payment shall not be from the Union Bank Home Account or other cash collateral of the Prepetition Agent without further order of the Court.

10.    The Debtors shall maintain a detailed list of all payments to Operational Lien Claimants and shall provide updated copies of such list to counsel to the Agent and any committee appointed in these cases on a weekly basis.

11.    Any Operational Lien Claimant who believes it has a valid Operational Lien against the First Home and who has not been paid by the Debtors may send to the Debtors a written demand for payment (i) setting forth the location(s) of the property sold, (ii) stating the amount of its asserted claim(s), (iii) describing, with particularity, the reason(s) the Operational Lien Claimant believes it has a valid Operational Lien against the individual property sold, and (iv) attaching documentation (*i.e.*, invoices or purchase orders) or other information sufficient to demonstrate that a valid Operational Lien Claim existed as of the Closing Date with respect to such property (a "Demand").

12.    The Demand must be mailed to (a) the Debtors at the following addresses: (i) California Coastal Communities, Inc., 6 Executive Circle, Suite 250, Irvine, California 92614, Attn.: Sandra G. Sciutto and (ii) Hennigan, Bennett & Dorman LLP, 865 S. Figueroa St., Suite 2900, Los Angeles, California 90017, Attn.: Joshua M. Mester and (b) Kaye Scholer LLP, 1999 Avenue of the Stars, Suite 1700, Los Angeles, CA 90067, Attn: Michael A. Santoro and Kaye Scholer LLC, 70 West Madison, Chicago, IL 60602, Attn: Sheldon L. Solow and Harold D. Israel, counsel to the Prepetition Agent; and (c) counsel to any committee appointed in these cases.

13.    The Debtors must respond to each Demand within ten (10) business days after receipt of a Demand. If the Debtors determine, with the written consent of the Prepetition Agent, that a Demand is valid, the Debtors may pay the Lien Claim reflected in the Demand without further order

of the Court; *provided, however*, that nothing herein shall preclude the Debtors, the Agent or any other party in interest from challenging the validity or extent of any Operational Lien and seeking disgorgement of any payments, *except* that no actions may be brought against the Debtors' Title Insurers.

14. If the Debtors dispute the validity or extent of the claim asserted in the Demand, the parties shall negotiate in good faith to resolve the dispute. If the Debtors resolve the dispute at a lower value than the amount reflected in the Demand, the Debtors may, with the written consent of the Prepetition Agent, pay such amount without further order of the Court. If the dispute is not resolved within thirty (30) days after receipt of the Demand (the "Resolution Period"), either party may file a motion (a "Demand Resolution Motion") seeking a determination from the Court as to the validity and extent of the underlying Operational Lien. Any Demand Resolution Motion shall be heard at the Court's next regularly scheduled omnibus hearing date or as soon thereafter as the Court's schedule will allow; *provided*, *however*, that if the Debtors determine during the Resolution Period that the Demand is not likely to be resolved, the Debtors may file a Demand Resolution Motion at any time before the expiration of the Resolution Period and may seek an expedited hearing with respect thereto.

15. Upon a determination by the Court that the Debtors are required to satisfy an Operational Lien, the Debtors shall pay such Operational Lien within five (5) business days of the date of the order resolving the Demand Resolution Motion.

16. For the avoidance of doubt, notwithstanding anything to the contrary in this Order, the Debtors shall only be authorized to use the proceeds from the sale of the First Home to the extent set forth in any order authorizing the use of cash collateral.

17. All financial institutions are authorized to receive, process, honor and pay all checks presented for payment and electronic payment requests relating to the relief granted in this order.

18. The requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Motion or otherwise deemed waived.

19. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases and upon any chapter 7 trustee appointed in the event of a subsequent

1 conversion of these chapter 11 cases to cases under chapter 7.

2     20.    Notwithstanding the possible applicability of Rules 6004(g), 7062 or 9014 of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

    21.    All time periods set forth in this order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.

    22.    To the extent this order is inconsistent with any other prior order or pleading with respect to the Motion in these cases, other than any order regarding the authority of the Debtors to use cash collateral, the terms of this order shall govern. In the event of any inconsistency between this Order and any order entered in connection with the authority of the Debtors to use cash collateral, the cash collateral orders shall control.

    23.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

**ADDITION TO ORDER BY JUDGE:**

    24.    There is a further hearing on this matter on November 4, 2009 at 2:00 p.m.

###

DATED: October 30, 2009

_Theodor C. Albert_
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled: **Interim Order (A) Authorizing the Debtors to Sell Homes Free and Clear Of Liens, Claims, Encumbrances and Other Interests (B) Continuing Customer Programs; and (C) Establishing Procedures for the Resolution and Payment of Operational Lien Claims** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **October 30, 2009**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Nancy S. Goldenberg – nancy.goldenberg@usdoj.gov
Joshua M. Mester – mesterj@hbdlawyers.com
United States Trustee (SA) – ustpregion16.sa.ecf@usdoj.gov
Kenneth N. Russak – krussak@frandzel.com
Kenneth N. Russak – efiling@frandzel.com
Kenneth N. Russak – banderson@frandzel.com
Joel G. Samuels – jsamuels@sidley.com
Richard W. Brunette – rbrunette@sheppardmullin.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

**California Coastal Communities, Inc.,** *Debtor*
6 Executive Circle, Suite 250
Irvine, CA 92614

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page