1  HENNIGAN, BENNETT & DORMAN LLP
   BRUCE BENNETT (Cal. Bar No. 105430)
2  JOSHUA M. MESTER (Cal. Bar No. 194783)
   MICHAEL C. SCHNEIDEREIT (Cal. Bar No. 234956)
3  865 South Figueroa Street, Suite 2900
   Los Angeles, California 90017
4  Telephone: (213) 694-1200
   Fax: (213) 694-1234

6  *Proposed Reorganization Counsel for*
   *Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| *In re* | Case No. 8:09-21712-TA |
| ☐ CALIFORNIA COASTAL COMMUNITIES, INC | Jointly Administered with Case Nos. 8:09-21713-TA; 8:09-21714-TA; 8:09-21715-TA; 8:09-21717-TA; 8:09-21718-TA; 8:09-21719-TA; 8:09-21720-TA; 8:09-21721-TA; 8:09-21722-TA; 8:09-21723-TA |
| ☐ SIGNAL LANDMARK HOLDINGS INC. | |
| ☐ SIGNAL LANDMARK | |
| ☐ HEARTHSIDE HOLDINGS, INC. | |
| ☐ HEARTHSIDE HOMES, INC. | |
| ☐ HHI CHANDLER, L.L.C. | |
| ☐ HHI CHINO II, L.L.C. | Chapter 11 |
| ☐ HHI CROSBY, L.L.C. | |
| ☐ HHI HELLMAN, L.L.C. | **NOTICE OF APPLICATION AND APPLICATION FOR ORDER AUTHORIZING RETENTION OF HENNIGAN, BENNETT & DORMAN LLP AS SPECIAL REORGANIZATION COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC*** |
| ☐ HHI LANCASTER I, L.L.C. | |
| ☐ HHI SENECA, L.L.C. | |
| ☒ All Debtors. | |
| | **No Hearing Required** |

**TO THE HONORABLE THEODOR C. ALBERT AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE THAT** California Coastal Communities, Inc. ("CALC"), and its affiliated debtors and debtors in possession herein (collectively, the "Debtors"), hereby apply to this

-1-

760827

Court for the entry of an order, in substantially the form of the proposed Order attached hereto as Exhibit A, authorizing the Debtors to employ the law firm of Hennigan, Bennett & Dorman LLP ("HBD") as special reorganization and bankruptcy counsel pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") *nunc pro tunc* to October 27, 2009 (the "Petition Date").

**Applicant:**  Hennigan, Bennett & Dorman LLP ("HBD") as special reorganization counsel to the Debtors.

**Compensation:**  HBD will seek compensation pursuant to 11 U.S.C. §330.

**Arrangements for Compensation**:  The Debtors have agreed to compensate HBD on an hourly basis.  The hourly rates for the attorneys that are primarily responsible for this engagement are Bruce Bennett ($875/hour), Joshua M. Mester ($565/hour), and Michael Schneidereit ($395/hour).  On September 24, 2009, the Debtors provided HBD with a retainer in the amount of $750,000.  As of the Petition Date, $601,029.21 remained in the retainer.  HBD intends to draw upon the retainer to satisfy its fees and costs as approved by this Court, provided, however, that HBD intends to maintain the retainer such that the retainer exceeds HBD's then unpaid fees and expenses by $100,000.

**Contact**:  Copies of the Application are available by contacting Joshua M. Mester at Hennigan, Bennett & Dorman LLP, 865 S. Figueroa St., Suite 2900, Los Angeles, California 90017; Telephone No. 213-694-1200.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Local Bankruptcy Rule 2014-1(b), **any response to or request for a hearing on the relief requested in this Application must be in the form required by Local Bankruptcy Rule 9013-1(f)(1) and filed with the Bankruptcy Court and served upon HBD as proposed counsel for the Debtors, at the address set forth in the caption to this Application, and upon the Office of the United States Trustee for the Central District of California, at 411 West Fourth St. Suite 9041, Santa Ana, CA 92701,** *no later than fifteen (15) days from the date of service of this Motion*.  If there is no timely objection or timely request for hearing on the requested relief, the Court may enter an order granting such relief without further notice or hearing.

-2-

760827

In support of this Application, the Debtors submit the accompanying "Declaration Of Joshua M. Mester (A) In Support Of Application For Order Authorizing Retention Of Hennigan, Bennett & Dorman LLP As Special Reorganization Counsel For The Debtors And Debtors In Possession; And (B) Pursuant To Sections 327 And 329 Of The Bankruptcy Code And Bankruptcy Rules 2014 And 2016 *Nunc Pro Tunc*" (the "<u>Mester Declaration</u>"), and respectfully represent as set forth below.

## JURISDICTION

This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

1. On October 27, 2009 (the "<u>Petition Date</u>"), the Debtors commenced their reorganization cases by filing voluntary petitions under chapter 11 of the Bankruptcy Code.

2. The Debtors are continuing in possession of their assets and are operating and managing their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. Debtor California Coastal Communities, Inc. ("<u>CALC</u>"), a publicly traded company on the NASDAQ (ticker: CALC), and its subsidiaries are in the business of residential land development and homebuilding with properties owned or controlled in various counties in Southern California. The Debtors' principal activities are: (1) obtaining zoning and other entitlements for land that they own or under consulting contracts for other landowners; (2) improving the land for residential development; and (3) designing, constructing, and selling single-family homes on that land. Debtor Hearthside Homes, Inc. is the homebuilder for the Debtors' projects, and performs construction and marketing functions for the Debtors' projects. Since 1994, the Debtors have delivered 2,200 homes to families in Southern California.

4. Currently, the Debtors' largest project is "Brightwater," a 356 unit master planned community located on 105 acres of the Bolsa Chica mesa in the City of Huntington Beach in Orange County, California. Brightwater offers a broad mix of four different neighborhoods (the Trails, the Sands, the Cliffs, and the Breakers) with home choices ranging from 1,710 to 4,339 square feet and

-3-
760827

overlooks the Pacific Ocean and the recently restored 1,300-acre Bolsa Chica Wetlands. The Brightwater project is one of the last remaining ocean-front developments in Southern California. To date, the Debtors have delivered 60 homes in Brightwater to individual home buyers and 17 model homes to an investor, and have 10 homes in escrow to be delivered to individual home buyers starting December 18, 2009.

5. The Debtors also have two other projects. Debtor Signal Landmark owns The Ridge which is being planned for 22 homes on five acres, located near Brightwater, and Debtor HHI Lancaster I, LLC owns 73 unimproved lots in Lancaster, California and 54 improved lots at Quartz Hill in Lancaster, California. The first two of these projects are in the early stages of development. Quartz Hill is partially constructed having delivered 23 completed homes to individual home buyers.

## HBD's QUALIFICATIONS

6. Business reorganization and bankruptcy is one of HBD's specialties. HBD is a national leader in the restructuring and insolvency areas, and its senior members have successfully represented major positions in some of the most complex and difficult reorganization and bankruptcy cases to have been filed in the last two decades, including proceedings involving Adelphia Communications, Calpine Corporation, the County of Orange (California), Enron, Hawaiian Airlines, LTV Corporation, Peregrine Systems, Solidus Networks, United Airlines, Worldcom, and many others. In addition to its skilled bankruptcy lawyers, HBD also has an in house financial consulting group comprised of financial professionals, including certified public accountants and holders of MBAs, with significant experience in the fields of economics, finance, accounting and auditing, statistics and litigation support. Where appropriate and desired by the client, HBD's financial consultants work closely with HBD's attorneys in their assessment and consideration of matters that benefit from a business and economics perspective, which assists not only in understanding, but also in discovery and theorization of complex bankruptcy matters.

7. The biographical summaries of HBD professionals currently expected to perform substantial work on behalf of the Debtors, attached to the Mester Declaration as Exhibit A, demonstrates that HBD is a firm that includes professionals with substantial experience in bankruptcy, reorganization, and insolvency matters.

-4-

760827

## HBD's PRIOR REPRESENTATION OF THE DEBTORS

8. On or about September 25, 2008, CALC retained HBD to represent it in connection with a potential restructuring of its debt obligations and/or a potential chapter 11 filing.

9. HBD advised the Debtors on a possible restructuring of their loan obligations. In this regard, HBD assisted in the negotiation and documentation of a deed in lieu transaction for Debtor HHI Hellman LLC ("Hellman") whereby Hellman transferred its interest in a project to the lender that had provided financing for the project in full satisfaction of the obligations to the lender. The transaction with Hellman closed on or about March 31, 2009. HBD also assisted the Debtors in responding to notices of default issued by IndyMac Bank FSB with respect to a loan involving property owned by Debtor HHI Lancaster I, LLC ("Lancaster").

10. HBD also assisted the Debtors in the negotiation of potential amendments with lenders under the Debtors' Senior Secured Revolving Credit Agreement and the Senior Secured Term Loan Agreement ("Loan Agreements"). As these discussions progressed, HBD negotiated a forbearance agreement with KeyBank National Association, as Agent under the Loan Agreements, to forbear from exercising rights and remedies available in the event of certain defaults under the Loan Agreements.

11. Although these negotiations and agreements were ultimately not sufficient to resolve the restructuring problems outside of bankruptcy court, they were constructive in bringing the majority of the lenders into an agreement with the Debtors to resolve the issues in bankruptcy court.

12. On May 28, 2009, HBD received a payment of $9,496.20 from CALC and $18,565.50 from Hearthside Homes, Inc. ("Hearthside"). On August 27, 2009, HBD received a payment of $875 from Hellman. On September 24, 2009, HBD received a payment of $40,000 from the Debtors for estimated fees from September 1, 2009 through September 23, 2009 (the "September Invoice") and a retainer in the amount of $750,000. After performing a reconciliation, HBD has determined that only $26,879.31 of fees and expenses were due and owing for the September Invoice and, thus, HBD has transferred back $13,120.69 to its retainer. On September 25, 2009, HBD received a payment of $20,114.00 from Hellman, a payment of $16,988.00 from CALC, and a payment of $169 from Lancaster.

13. On October 27, 2009, prior to the commencement of the cases, HBD applied $175,000 against the retainer to satisfy an estimated amount of fees and expenses that had accrued after September 23, 2009 and prior to the commencement of the cases. After performing a reconciliation, HBD has determined that only $162,091.48 of fees and expenses were due and owing for this period. HBD has transferred back $12,908.52 to its retainer, leaving it with a total retainer of $601,029.21 as of the Petition Date.

14. HBD has not received any other payment from the Debtors and, except for the retainer noted above, HBD has not received any lien or other interest in the property of the Debtors or a third party to secure payment of its fees.

## **HBD's PROPOSED ENGAGEMENT**

15. The Debtors require HBD to render the ordinary and necessary legal services typically required in connection with the representation of debtors in possession in a chapter 11 case, including:

    a. Assisting the Debtors in the preparation of their schedules of assets and liabilities, statements of financial affairs, and such other documents as are required to be filed with the Bankruptcy Court and the Office of the United States Trustee to commence and proceed with the chapter 11 cases;

    b. Advising the Debtors with respect to the negotiation, preparation, and confirmation of a plan of reorganization;

    c. Assisting the Debtors in preparing and obtaining approval of a disclosure statement and other appropriate motions and pleadings;

    d. Appearing at meetings of creditors and creditors' committees on behalf of the Debtors;

    e. Representing the Debtors in litigation in the Bankruptcy Court where such litigation involves substantial and material issues of bankruptcy law; and

    f. Advising the Debtors regarding their legal rights and responsibilities as debtors in possession under the Bankruptcy Code, the Bankruptcy Rules, and the United States Trustee Guidelines and Requirements.

760827

16. The Debtors, however, do not intend for HBD to be responsible for (a) appearances before any court or agency other than this Court (except with respect to appeals taken directly to higher federal courts from orders of this Court); (b) litigation before this Court with respect to matters that are, in essence, disputes involving issues of non-bankruptcy law; and/or (c) the provision of substantive legal advice outside of the insolvency area, including advice in such areas as patent, securities, trademark, corporate, taxation, labor, criminal or real estate law.  Further, the Debtors do not intend for HBD to be required to devote attention to, form professional opinions as to, or advise the Debtors with respect to its disclosure obligations under federal securities or other nonbankruptcy laws or agreements.  To the extent necessary or appropriate, the Debtors will retain other counsel as needed to provide such advice.

17. As compensation, the Debtors have agreed to pay HBD a reasonable fee for services rendered and to be rendered, calculated with reference to HBD's guideline hourly rates, and to reimburse HBD for all reasonable costs and expenses charged to the Debtors' account.  HBD's rates currently range from $280 to $875 per hour for attorneys, from $425 to $690 per hour for financial consultants, and from $125 to $265 for paralegals, MIS professionals, librarians, and clerks.  The specific rates for those members of HBD that currently are expected to perform substantial work on the CALC engagement are included with the biographical summaries attached to the Mester Declaration as <u>Exhibit A</u>.[1]  Further, HBD's rates are adjusted periodically, typically on January 1 of each year.

18. The Debtors understand that should it become appropriate and cost-effective to do so, HBD also may utilize "temporary" attorneys, paralegals, and clerks who are provided to HBD on a contract basis from outside services and for whom HBD will charge a reasonable hourly rate intended to compensate HBD for the costs and overhead associated with such personnel.

19. Finally, HBD will invoice the Debtors for the reasonable costs and expenses that it incurs in connection with this engagement.  Such costs and expenses typically include, among others, charges for messenger services, air couriers, photocopying, postage, computerized legal

---

[1] This list, of course, is not exclusive.  HBD may staff this engagement with additional or different professionals as necessary or appropriate under the changing circumstances of the cases.

-7-

760827

1 research facilities (including the time billed for such legal research), investigative searches,
2 computerized document management services (including scanning and coding), and other charges
3 customarily invoiced by law firms in addition to fees for legal services, such as court fees and travel
4 expenses.

5   20.   HBD recognizes that all compensation for services rendered from and after the
6 Petition Date is subject to approval of the Bankruptcy Code and otherwise governed by the
7 provisions of the Bankruptcy Code. As set forth above, HBD has received a retainer of $750,000, of
8 which $601,029.21 remained as of the Petition Date. HBD has deposited the retainer in an IOLTA
9 trust account to secure the payment of HBD's fees and expenses in this case. HBD intends to draw
10 upon the retainer to satisfy its fees and costs as approved by this Court, provided, however, that
11 HBD intends to maintain the retainer such that the retainer exceeds HBD's then unpaid fees and
12 expenses by $100,000.

13   21.   The name, address and phone number of the person at HBD responsible for this
14 engagement is:

> Joshua M. Mester, Esq.
> Hennigan, Bennett & Dorman LLP
> 865 South Figueroa Street
> Suite 2900
> Los Angeles, California 90017
> Telephone: (213) 694-1200

## **HBD IS DISINTERESTED**

20   22.   To the best of the Debtors' knowledge, based upon the Mester Declaration, HBD and
21 all of the attorneys and professionals comprising or employed by it are disinterested persons who do
22 not hold or represent an interest adverse to the Debtors or their estates and who do not have any
23 connection with the Debtor, its creditors, or any other party in interest in this case except as set forth
24 below and in the Mester Declaration.

25   23.   The Debtors are informed that, to check and clear potential conflicts of interest in this
26 case, and based upon information known on or near the date of this Application, HBD researched its
27 client database to determine whether it had any relationships with any of the following entities
28 (collectively, the "Interested Parties"):

-8-

760827

a. The Debtors and their non-debtor affiliates and certain former affiliates (including all known former corporate and trade names of the Debtors and their affiliates);

b. The Debtors' and their non-debtor affiliates' respective current officers and directors;

c. The Debtors' secured lenders and other holders of secured and unsecured debt;

d. Shareholders of any of the Debtors holding, directly or indirectly, 10% or more of the different classes of outstanding shares of the Debtors;

e. The creditors holding the twenty-five largest unsecured claims against the Debtors (determined on a consolidated basis); and

f. Certain professionals and other interested parties that the Debtors and/or HBD have identified as possibly being involved in these chapter 11 cases.

24. The identities of the Interested Parties were obtained from the Debtors, from a review of certain documents governing the Debtors' indebtedness, and are set forth on Exhibit B to the Mester Declaration.

25. HBD has advised the Debtors that, except as disclosed in the Mester Declaration and summarized below, HBD does not have any connections with an Interested Party, and that HBD has not, does not, and will not represent any Interested Party with respect to matters related to the Debtors' chapter 11 cases. In this regard, HBD has disclosed to the Debtors that HBD currently represents Interested Parties in the following matters unrelated to the Debtors or these cases:

a. HBD currently represents ING Prime Rate Trust; ING Senior Income Fund; ING International (II) - Senior Bank Loans Euro; ING Investment Management CLO I, Ltd.; ING Investment Management CLO II, Ltd.; ING Investment Management CLO III, Ltd.; ING Investment Management CLO IV, Ltd.; ING Investment Management CLO V, Ltd.(as managed or controlled by ING Investment Management Co., ING Investments, LLC, ING Alternative Asset Management, LLC, ING Investment Management Luxembourg S.A.) (collectively, the "ING Entities") as plaintiffs in litigation against unrelated parties. The ING Entities may be affiliates of or related to ING Group NV, which owns or controls more

-9-

760827

than 10% of the equity securities of CALC, has a representative on CALC's board of directors, and is also a holder of loans under that certain (i) Senior Secured Revolving Credit Agreement dated as of September 15, 2006 (as amended, supplemented, or otherwise modified from time to time, and together with all schedules and exhibits therewith) among the Debtors, the Agent and the lenders party thereto from time to time and (ii) Senior Secured Term Loan Agreement dated as of September 15, 2006 (as amended, supplemented, or otherwise modified from time to time and together with all schedules and exhibits therewith). HBD has informed the Debtors that its retainer agreements with the ING Entities permit it to represent adversaries of the ING Entities in all unrelated matters.

b. HBD currently represents Ronald Greenspan in his capacity as chapter 7 trustee of the bankruptcy estate of Brobeck, Phleger & Harrison LLP in Case No. 03-32715 pending before the United States Bankruptcy Court for the Northern District of California. Mr. Greenspan is a Senior Managing Director of FTI Consulting, Inc. KeyBank National Association, as agent (the "<u>Agent</u>") pursuant to that certain (i) Senior Secured Revolving Credit Agreement dated as of September 15, 2006 (as amended, supplemented, or otherwise modified from time to time, and together with all schedules and exhibits therewith) among the Debtors, the Agent and the lenders party thereto from time to time and (ii) Senior Secured Term Loan Agreement dated as of September 15, 2006 (as amended, supplemented, or otherwise modified from time to time and together with all schedules and exhibits therewith) has retained FTI Consulting, Inc. to provide financial advisor services to the Agent and the lenders in these cases.

26. The Debtors have agreed that all of the above-noted matters are unrelated to HBD's representation of the Debtors in connection with these bankruptcy cases and that, to the extent required by applicable law and rules of professional responsibility, the Debtors have consented to HBD's ongoing representation of the ING Entities and Mr. Greenspan in any and all such matters.

27. Moreover, to the best of the Debtors' knowledge, based upon the Mester Declaration, HBD and all of the attorneys and professionals comprising or employed by HBD:

-10-

760827

a.  are not and have not been an equity security holder or an insider of the Debtor;

b.  are not and have not been an investment banker for any outstanding security of the Debtor;

c.  are not and have not been an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor;

d.  are not and have not been a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor;

e.  subject to the disclosures contained in the Mester Declaration, have no interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason; and

f.  have no connections with the United States Trustee or any person employed in the Office of the United States Trustee for the Central District of California.

## **CONCLUSION**

28.  Section 327(a) of the Bankruptcy Code provides that the "the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). By this Application, the Debtors request that the Court authorize the employment of HBD pursuant to section 327(a) *nunc pro tunc* to the Petition Date. For the reasons set forth above, the Debtors submit that HBD's employment is in the best interest of the estates and otherwise satisfies the requirements of section 327(a).

-11-

760827

1  DATED: December 28, 2009

California Coastal Communities, Inc., for itself and the other Debtors (of which CALC is the 100% direct or indirect owner).

By: _____
Raymond J. Pacini
Chief Executive Officer

760827

-12-

**COMMENTS OF OFFICE OF UNITED STATES TRUSTEE**

( ) THE U.S. TRUSTEE TAKES NO POSITION.

( ) THE U.S. TRUSTEE HAS NO OBJECTION.

( ) THE U.S. TRUSTEE OBJECTS AND REQUESTS A HEARING.

( ) AN OBJECTION IS RAISED AS SET FORTH BELOW.

COMMENTS:

Dated:                        OFFICE OF THE U.S. TRUSTEE

By _____

Attorney for the U.S. Trustee

CASE NAME: *In re California Coastal Communities, Inc., et al.*

CASE NUMBER: 09-21712-TA (jointly administered)

TITLE OF DOCUMENT: **APPLICATION FOR ORDER AUTHORIZING RETENTION OF HENNIGAN, BENNETT & DORMAN LLP AS SPECIAL REORGANIZATION COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION**

760827