1    HENNIGAN, BENNETT & DORMAN LLP
     BRUCE BENNETT (Cal. Bar No. 105430)
2    JOSHUA M. MESTER (Cal. Bar No. 194783)
     MICHAEL C. SCHNEIDEREIT (Cal. Bar No. 234956)
3    865 South Figueroa Street, Suite 2900
     Los Angeles, California 90017
4    Telephone: (213) 694-1200
     Fax: (213) 694-1234

5

6    *Reorganization Counsel for*
     *Debtors and Debtors in Possession*

7

8              **UNITED STATES BANKRUPTCY COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
9                    **SANTA ANA DIVISION**

10

11   *In re*                                    )   Case No. 8:09-21712-TA
     ☐ CALIFORNIA COASTAL                       )
12     COMMUNITIES, INC                         )   Jointly Administered with Case Nos.
     ☐ SIGNAL LANDMARK HOLDINGS INC.            )   8:09-21713-TA; 8:09-21714-TA;
13   ☐ SIGNAL LANDMARK                          )   8:09-21715-TA; 8:09-21717-TA;
     ☐ HEARTHSIDE HOLDINGS, INC.                )   8:09-21718-TA; 8:09-21719-TA;
14   ☐ HEARTHSIDE HOMES, INC.                   )   8:09-21720-TA; 8:09-21721-TA;
     ☐ HHI CHANDLER, L.L.C.                     )   8:09-21722-TA; 8:09-21723-TA
15   ☐ HHI CHINO II, L.L.C.                     )
     ☐ HHI CROSBY, L.L.C.                       )    Chapter 11
16   ☐ HHI HELLMAN, L.L.C.                      )
     ☐ HHI LANCASTER I, L.L.C.                  )   **MOTION FOR ORDER APPROVING**
17   ☐ HHI SENECA, L.L.C.                       )   **(I) ADEQUACY OF INFORMATION IN**
                                                )   **DISCLOSURE STATEMENT WITH**
18   ☒ All Debtors.                             )   **RESPECT TO THE DEBTORS' JOINT**
                                                )   **PLAN OF REORGANIZATION; (II) FORM,**
19                                              )   **SCOPE AND NATURE OF SOLICITATION,**
                                                )   **BALLOTING, TABULATION AND**
20                                              )   **NOTICES WITH RESPECT THERETO;**
                                                )   **AND (III) RELATED CONFIRMATION**
21                                              )   **PROCEDURES, DEADLINES AND**
                                                )   **NOTICES**
22                                              )
                                                )   **Disclosure Statement Hearing**
23                                              )
                                                )   Date:   May 12, 2010
24                                              )   Time:   10:00 a.m.
                                                )   Place:  Courtroom "5B"
25                                              )           411 West Fourth Street
                                                )           Santa Ana, CA 92701-4593
26   _____)

27

28                                    -1-

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

### JURISDICTION

This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### BACKGROUND

1. On October 27, 2009 (the "Petition Date"), the Debtors commenced their reorganization cases by filing voluntary petitions under chapter 11 of the Bankruptcy Code.

2. The Debtors are continuing in possession of their assets and are operating and managing their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. Debtor California Coastal Communities, Inc. ("CALC"), a publicly traded company on the NASDAQ (ticker: CALC), and its subsidiaries are in the business of residential land development and homebuilding with properties owned or controlled in various counties in Southern California. The Debtors' principal activities are: (1) obtaining zoning and other entitlements for land that they own or under consulting contracts for other landowners; (2) improving the land for residential development; and (3) designing, constructing, and selling single-family homes on that land. Debtor Hearthside Homes, Inc. is the homebuilder for the Debtors' projects, and performs construction and marketing functions for the Debtors' projects. Since 1994, the Debtors have delivered over 2,200 homes to families in Southern California.

4. Currently, the Debtors' largest project is "Brightwater," a 356 unit master planned community located on 105 acres of the Bolsa Chica mesa in the City of Huntington Beach in Orange County, California. Brightwater offers a broad mix of four different neighborhoods (the Trails, the Sands, the Cliffs, and the Breakers) with home choices ranging from 1,710 to 4,339 square feet and overlooks the Pacific Ocean and the recently restored 1,300-acre Bolsa Chica Wetlands. The Brightwater project is one of the last remaining ocean-front developments in Southern California. As of the Petition Date, the Debtors had delivered 53 homes in Brightwater to individual home buyers and 17 model homes to an investor.

-2-

5.      The Debtors also have one other project – Debtor Signal Landmark owns The Ridge, located near Brightwater, which is in the beginning stages of development, with no construction having been commenced.  Debtor HHI Lancaster I, LLC ("HHI Lancaster") owns 73 unimproved lots in Lancaster, California.  On December 29, 2009, HHI Lancaster closed the sale of 54 improved lots at Quartz Hill in Lancaster, California, to Richmond American Homes of Maryland, Inc.

6.      The Debtors filed their Joint Plan of Reorganization (the "Joint Plan") and "Disclosure Statement for the Joint Plan of Reorganization" (the "Disclosure Statement") on March 26, 2010 [Docket Nos. 221 and 222].

## RELIEF REQUESTED AND THE BASIS THEREFOR

7.      **Approval of the Disclosure Statement**:  The Debtors first request that the Court enter an order finding that the Disclosure Statement contains "adequate information" within the meaning of section 1125 of chapter 11 of the United States Code (the "Bankruptcy Code") and authorizing the dissemination of the Disclosure Statement pursuant to the procedures set forth in this Motion.

8.      **Approval Of Solicitation Packages And Notices And Procedures For Dissemination Of Solicitation Packages And Notices**:  The Debtors also request that the Court authorize them or their agent to disseminate the Disclosure Statement, the Joint Plan, and related notices and solicitation materials, and limit the required service of such materials, as follows:

a.      **Solicitation Packages:** On or before the first business day that is at least five (5) business days after the date on which an order granting this Motion is entered (the "Service Date"), the Debtors or their agent will serve a solicitation package (the "Solicitation Package") consisting of (i) the Disclosure Statement (which includes a copy of the Joint Plan as Exhibit A); (ii) the Joint Plan, (iii) a notice of the scheduled hearing regarding confirmation of the Joint Plan (the "Confirmation Hearing") and of the deadlines for voting, filing objections, and submitting evidence in connection therewith, substantially in the form of the proposed notice attached hereto as Exhibit B (the "Confirmation Hearing Notice"); (iv) a letter from the Debtors in substantially the form of a proposed letter attached hereto as

1    Exhibit C (the "Confirmation Letter"); and (v) an appropriate ballot or ballots in the form

2    attached hereto as Exhibit D (if the intended recipient is in a class that is entitled to vote on

3    the Joint Plan), on the following entities (the "Solicitation Package Parties"):

4             i.      Each holder of a claim or interest that: (A) is classified in one of the

5    following classes under the Joint Plan that is entitled to vote to accept or reject the

6    Joint Plan: A-1, A-2, A-3, A-5, B-1, B-2, B-3, B-5, C-1, C-2, C-3, C-5, D-1, D-2, D-

7    3, D-5, E-1, E-2, E-3, E-5, F-1, F-2, F-3, F-4, F-6 and G-3 and (B) has filed a proof

8    of claim or interest in this case with a liquidated, undisputed, noncontingent claim in

9    an amount of more than $0, or for whom the Debtors scheduled in their "Schedules

10    of Assets and Liabilities" (as amended, the "Schedules") a liquidated, undisputed,

11    noncontingent claim or interest in an amount of more than $0 and (collectively, the

12    "Voting Classes");

13             ii.      All parties who have requested special notice in this case (the "Special

14    Notice Parties") and the governmental entities enumerated in Rule 2002(j) of the

15    Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

16             iii.      Parties to any remaining executory contracts or unexpired leases with

17    the Debtors; and

18             iv.      The Office of the United States Trustee.

19        b.    **Notice of Non-Voting Status**: On or shortly after the Service Date, the

20    Debtors or their agent will serve a notice of non-voting status (the "Notice of Non-Voting

21    Status") that (a) notifies the holder that its claim or interest is unimpaired or otherwise not

22    entitled to vote on the Joint Plan; (b) sets forth the manner in which a copy of the Joint Plan

23    and Disclosure Statement may be obtained; and (c) provides notice of the Confirmation

24    Hearing and the time fixed for filing objections to confirmation of the Joint Plan (without

25    including a copy of the Disclosure Statement, the Joint Plan, the Confirmation Hearing

26    Notice, or a ballot), substantially in the form attached hereto as Exhibit E to the following

27    (collectively, the "Non-Voting Parties"):

28

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

i.    Holders of an Administrative Claim; a Priority Tax Claim; or of claims or interests in the following classes: A-4, A-6, A-7, B-4, B-6, B-7, C-4, C-6, C-7, D-4, D-6, D-7, E-4, E-6, E-7, F-5, F-7, and F-8, all of which are unimpaired under the Joint Plan.

ii.    Holders of claims or interests that do not receive any consideration under the Joint Plan, including holders of claims or interests in the following classes: G-1, G-2, G-4, G-5, G-6, G-7 under the Joint Plan; and

iii.    All other parties that do not receive the Solicitation Package pursuant to paragraph 8(a) above.

c.    **Publication Notice:** By the Service Date, the Debtors or their agent will cause an abbreviated notice of the Confirmation Hearing and of the deadlines for voting, filing objections, and submitting evidence in connection therewith, in substantially the form of the proposed notice attached hereto as Exhibit F (the "Publication Notice"), to be published at the expense of the bankruptcy estate once in each of the *Orange County Register* and the *Wall Street Journal* (national edition).

d.    Prior to distribution, the Debtors request permission to include any missing dates and/or times and other information, correct any typographical errors and make other such non-material and non-substantive changes that the Debtors deem necessary to the Disclosure Statement, the Joint Plan, the Ballots, or any notices approved by the order approving the Disclosure Statement.

e.    The Debtors request that, in order to minimize cost to the estate, the Solicitation Packages may be distributed in the form of either a CD-ROM or paper copies, provided however that the ballots and a pre-addressed, postage-paid return envelope for each ballot shall be served in hard copy.

f.    The Debtors also request that they shall be excused:  (a) from giving notice or providing service of any kind upon any Person to whom the Debtors mailed the Disclosure Statement Hearing Notice or any other notices or materials approved for distribution

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

-5-

pursuant to this Order or otherwise and received any of such notices returned by the USPS or other carrier marked "undeliverable as addressed," "moved, left no forwarding address," "forwarding order expired," or any similar reason, unless the Debtors or the Balloting Agent have been informed in writing by such Person, or are otherwise aware of that Person's new address.  If a Person has changed its mailing address after the Petition Date, the burden shall be on such Person, not the Debtors, to advise the Balloting Agent of the new address.  If a Disclosure Statement Hearing Notice or a Solicitation Package is returned to the Balloting Agent as "undeliverable as addressed," "moved, left no forwarding address," "forwarding order expired," or another similar reason, the Debtors shall make a reasonable attempt to search their records for any new or alternative address(es) at which the Claim or Interest Holder may receive the relevant materials, and shall re-send the materials to the new or alternative address(es) if and to the extent identified by the Debtors.

9.    **Approval of Special Procedures For Dissemination Of Notices of Non-Voting Status to Shareholders**:  CALC's common stock (the "Existing CALC Common Stock") is publicly registered and traded over the NASDAQ exchange.  A majority of registered holders of Existing CALC Common Stock as of the specified "Record Date" established pursuant to Paragraph 13(a), below, are likely various brokerage firms, institutional nominees, and other record holders that hold for the benefit of customers and other beneficial owners.  Since Class A-7 comprises all interests in the Existing CALC Common Stock and is unimpaired, the holders of the Existing CALC Common Stock are entitled under the above-described procedures to receive only a Notice of Non-Voting Status.  The Debtors request that the Court authorize them to employ the following procedures for transmitting Notices of Non-Voting Status to holders of Existing CALC Common Stock, and order that Institutional Nominees (as defined below) comply with the following:

a.    By the Service Date, the Debtors or their agent shall:

i.    Obtain a list of the registered holders of the Common Stock as of the Record Date established pursuant to Paragraph 13(a), below, including the brokers, banks and financial institutions (collectively, the "Institutional Nominees") that hold

-6-

1  Common Stock in "street name" for the benefit of the beneficial owners of such

2  securities;

3       ii.    Send a Notice of Non-Voting Status directly to those registered

4  holders who appear to be the beneficial owners of such securities; and

5       iii.    Contact each of the Institutional Nominees to determine the aggregate

6  number of beneficial owners who are represented by such institutions, deliver to each

7  Institutional Nominee a number of Notices of Non-Voting Status that is sufficient to

8  enable such Institutional Nominee to deliver a Notice of Non-Voting Status to each

9  applicable beneficial owner, and instruct the Institutional Nominees to make such

10  deliveries promptly.

11       b.    The Debtors request the authority (i) to reimburse the agent(s) and the

12  Institutional Nominees for their actual, necessary and reasonable expenses incurred in

13  performing the above-noted services and (ii) to pay the agent a reasonable fee; *provided,*

14  *however*, that the Debtors shall not pay any fees, commissions, or other remuneration to the

15  Institutional Nominees for such services.

16       10.    **Approval of Form of Notices**:  The Debtors request that the Court (a) approve the

17  form of, and authorize them to transmit, the Solicitation Packages (including the Confirmation

18  Hearing Notice and the Confirmation Letter) and the Notices of Non-Voting Status; and (b) approve

19  the form of, and authorize it to cause the publication of, the Publication Notice, in accordance with

20  the procedures set forth in this Motion.

21       11.    **Approval Of Form Of Ballot And Effect Of Certain Elections**:  The Debtors

22  request that the Court approve and authorize them to use a ballot substantially in the form of the

23  proposed ballot attached hereto as Exhibit D (the "Ballot") for voting by holders of claims and/or

24  interests that are entitled to vote on the Joint Plan.  Holders of claims and/or interests in the Non-

25  Voting Classes are not entitled to vote.

26

27

28

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

12.    **<u>Approval Of Procedures For Balloting And Tabulation Of Ballots</u>**:  The Debtors request that the Court approve and authorize it and the Ballot Tabulator (as defined below) to employ the following procedures for balloting and for the tabulation of Ballots with respect to the Joint Plan (and not for any other purpose):

a.    The amount of a claim for the purposes of Ballot tabulation will be the following (regardless of whether the claim amount indicated on a particular Ballot differs from the amounts determined as set forth below):

i.    The claim's allowed amount, if the claim has been allowed pursuant to Court order;

ii.    The claim amount settled and/or agreed upon by the Debtors prior to the Record Date, as reflected in a court pleading, stipulation, term sheet, agreement, or other document filed with and approved by the Bankruptcy Court, in an order entered by the Bankruptcy Court, or in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court, regardless of whether a proof of claim has been filed;

iii.    For a claim identified in the Schedules as not contingent, not unliquidated, and not disputed, and for which no proof of claim has been filed timely, the claim amount as identified in the Schedules (the "<u>Scheduled Amount</u>"); and

iv.    For a timely proof of claim that is filed in a specified liquidated amount and that is not the subject of an objection filed before the Confirmation Hearing or an order disallowing such claim entered prior to the Confirmation Hearing, (aa) the specified liquidated amount in such proof of claim, or (bb) if an amount has been allowed temporarily for voting purposes after notice and a hearing pursuant to Bankruptcy Rule 3018(a), the amount in which such claim is temporarily allowed.

v.    In the absence of any of the foregoing, at zero.

-8-

b.      If an entity submits a Ballot for a claim (i) for which there is no timely proof of claim filed and for which there is no corresponding Scheduled Amount, or (ii) which is the subject of an unresolved objection filed prior to the Confirmation Hearing, such Ballot will not be counted unless otherwise ordered by the Court.

c.      Any Ballot cast by an entity that has filed a proof of claim (i) that is contingent or in an unliquidated, unknown, or unstated amount, (ii) that has not previously been disallowed and is not the subject of an objection filed before the Confirmation Hearing, and (iii) for which there is no corresponding Scheduled Amount, will be counted as a single vote toward satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code for the relevant class of claims under the Joint Plan but will not be counted toward satisfying the aggregate amount requirement of that provision.

d.      Creditors and/or interest holders that have claims and/or interests in more than one class under the Joint Plan must submit a separate Ballot for voting their claims and/or interests in each such class.  Any creditor or interest holder that requires additional copies of a Ballot either may photocopy the original Ballot or obtain an additional Ballot pursuant to the instructions set forth in the Confirmation Hearing Notice and the proposed Ballots.  If a creditor or interest holder uses one Ballot to vote claims in more than one class, such combined Ballot will not be counted unless otherwise ordered by the Court.

e.      Each creditor and/or interest holder must vote all of its claim(s) or interest(s) that are classified within a particular class under the Joint Plan in the same manner.  A creditor and/or interest may not split its vote with respect to a particular class, and any Ballot (or multiple Ballots with respect to multiple claims or interests within a single class) that partially rejects and partially accepts the Joint Plan, or that indicates both a vote for and against the Joint Plan, will not be counted unless otherwise ordered by the Court.

f.      If an entity casts more than one eligible Ballot with respect to the same claim before the Voting Deadline, as established below, the last Ballot received prior to that

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

-9-

deadline will supersede any prior Ballot(s) by such entity with respect to such claim unless otherwise ordered by the Court.

g.    The Debtors will be entitled to rely, without further investigation, on the authority of the signatory of each Ballot to complete and execute the Ballot.  Unless otherwise ordered by the Court, any Ballot that is not signed will not be counted.  Delivery of a Ballot by facsimile, e-mail, or ay other electronic means will not be valid.

h.    The following entity (the "Ballot Tabulator") will tabulate Ballots on the Joint Plan and prepare the appropriate report (the "Voting Report"), in accordance with sections 1126(c) and (d) and Local Rule 3018-1, with respect thereto:

> Hennigan, Bennett & Dorman LLP
> Attention: Mr. Kevin Floyd
> 865 S. Figueroa St., Suite 2900
> Los Angeles, CA 90017

i.    Because the deadline for objecting to claims and equity interests under the Joint Plan is after the date of confirmation, creditors and interest holders may not rely on the absence of an objection to their proofs of claim or interest in determining whether to vote to accept or reject the Joint Plan or as any indication that the Debtors ultimately will not object to the amount, priority, security, or allowability of such claims and interests.

j.    The Debtors will reserve the right to seek a determination from the Bankruptcy Court that one or more of the classes of claims designated under the Joint Plan are unimpaired, notwithstanding their identification as impaired in the Joint Plan, the Disclosure Statement, or this Motion, and that such class(es) therefore are deemed to have accepted the Joint Plan without regard to how the class(es) actually voted with respect to the Joint Plan.

k.    Neither the Debtors nor any other person will be under any duty to provide notification of defects or irregularities other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification.

13.    **Fixing Of Requisite Dates, Deadlines, And Procedures**:  The Debtors request that the Court establish (a) the Record Date for determining the identity of parties entitled to receive notice; (b) the Voting Deadline for receipt of Ballots to accept or reject the Joint Plan; (c)  the date for the Confirmation Hearing; (d) the last dates for filing objections to confirmation of the Joint Plan; and (e) related procedures and provisions; as follows:

a.    May 12, 2010, at 4:00 p.m. prevailing Pacific Time (the "Record Date") will be the date on which the identity of claim and/or interest holders will be determined for the purpose of establishing an entitlement to (i) receive Solicitation Packages or other materials in accordance with the procedures set forth in this Motion, and (ii) vote on the Joint Plan.

b.    The first business day that is at least ten (10) days before the Confirmation Hearing, at 4:00 p.m. prevailing Pacific Time (the "Voting Deadline"), will be the deadline by which Ballots to accept or reject the Joint Plan must be received from eligible creditors and interest holders.  Unless otherwise specifically ordered by the Court with respect to a specific Ballot, all Ballots must be completed, signed, and returned to and actually received by the Ballot Tabulator at the address set forth above on or before the Voting Deadline in order to be counted.

c.    A date and time to be established by the Court at the Disclosure Statement Hearing (the Debtors request a date the week of June 21, 2010, but in any event a date not later than June 30, 2010) will be the date and time for the hearing on confirmationof the Joint Plan (the "Confirmation Hearing"), which may be continued by announcement in open court without further notice.

d.    The first business day that is at least fourteen (14) days prior to the date of the Confirmation Hearing will be the last date to file and serve any objections and evidence in opposition to confirmation of the Joint Plan (the "Objection Deadline"), which must (i) be in writing and accompanied by a memorandum of points and authorities; (ii) set forth in detail the name and address of the party filing the objection, the grounds for the objection, any evidentiary support therefor in the nature of declarations submitted under penalty of perjury,

-11-

and the amount of the objector's claims or such other grounds that give the objector standing

to assert the objection; and (iii) be served upon the following persons:

Counsel to the Debtors:                    United States Trustee

Hennigan, Bennett & Dorman, LLP            Nancy Goldenberg
Attn: Joshua M. Mester                     411 West Fourth Street, Suite 9041
865 South Figueroa Street                  Santa Ana, CA 92701
Suite 2900
Los Angeles, CA 90017

Counsel to the Prepetition Agent

Sheldon L. Solow
Harold D. Israel
Kaye Scholer LLP
70 West Madison
Chicago, IL 60602

  e. Any objection not timely filed and served will be deemed to be waived and to

be a consent to the Court's entry of an order confirming the Joint Plan.

  f. The Debtors may file a brief in response to any objection to confirmation of

the Joint Plan no later than five (5) days prior to the commencement of the Confirmation

Hearing.

  g. Any direct testimony in support of the Joint Plan or in support of objections to

the Joint Plan (except direct testimony of hostile witnesses or of third party witnesses

unwilling to provide a declaration) shall be offered through declarations made under penalty

of perjury.  Such declarations shall be filed with the Court and served on other parties no

later than five (5) days before the commencement of the Confirmation Hearing.  Any party

that objects to evidence offered in the declaration or that seeks to cross-examine the

declarant shall file such objections and/or notice of intent to cross-examine the declarant no

later than two (2) days prior to the commencement date of the Confirmation Hearing.  In the

event that cross-examination is requested, the declarant shall be made available at the

Confirmation Hearing.  The testimony of hostile witnesses or of third party witnesses

unwilling to provide a declaration shall be compelled in the manner prescribed under the

1    Bankruptcy Rules.

2        h.    The parties shall exchange exhibit lists no later than five (5) days prior to the

3    Confirmation Hearing.  Any objections to the admission of exhibits shall be filed and served

4    no later than two (2) days prior to the commencement of the Confirmation Hearing.

5                                    **ARGUMENT**

6    **I.    THE DISCLOSURE STATEMENT CONTAINS ADEQUATE INFORMATION.**

7        14.    Section 1125(b) of the Bankruptcy Code conditions solicitation of votes on a plan

8    upon the transmission to creditors of the plan or a summary of the plan and a "written disclosure

9    statement approved, after notice and a hearing, by the court as containing adequate information."  11

10   U.S.C. § 1125(b).  "Adequate information" is defined in section 1125(a) of the Bankruptcy Code as

11   "information of a kind, and in sufficient detail, as far as is reasonably practical in light of the nature

12   and history of the debtor . . . that would enable . . . a hypothetical investor of the relevant class to

13   make an informed judgment about the plan."  11 U.S.C. § 1125(a).  In determining whether the

14   information contained in a disclosure statement is adequate, a court must consider (i) the complexity

15   of the case; (ii) the benefit of additional information to creditors and other parties in interest; and

16   (iii) the cost of providing additional information.  *See, Id.*  Courts are afforded substantial discretion

17   in considering the adequacy of a disclosure statement, and the precise determination of what

18   constitutes adequate information in any particular instance "will develop on a case-by-case basis,"

19   with "a balancing of interests in each case."  *In re 3dfx Interactive, Inc.* Case No. 02-55795 JRG,

20   2006 Bankr. LEXIS 1498 at *20 (Bankr. N.D. Cal. June 29, 2006) (quoting *Lisanti v. Lubetkin (In*

21   *re Lisanti Foods, Inc.*), 329 B.R. 491, 507 (D.N.J. 2005)).

22       15.    The Debtors believe, and will demonstrate at the Disclosure Statement Hearing, that

23   the Disclosure Statement contains "adequate information" within the meaning of section 1125(a)(1)

24   of the Bankruptcy Code.  Included in the Disclosure Statement, among other things, is: (1) an

25   overview of the Debtors' business and history and these chapter 11 cases; (2) a detailed summary of

26   the Joint Plan, including: (a) descriptions of the classification and treatment of claims and interests

27   under the Joint Plan, (b) the means of implementation of the Joint Plan, (c) the treatment of

28

-13-

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

1   executory contracts and unexpired leases under the Joint Plan, (d) distribution and disputed claim

2   resolution procedures, and (e) conditions to confirmation and the effect of confirmation; (3) a

3   discussion of risk factors to be considered with respect to the Joint Plan; (4) a discussion of federal

4   income tax consequences of the Joint Plan; (5) and analysis of the feasibility of the Joint Plan and

5   the best interests of creditors; and (6) a description of the solicitation and voting procedures.

6       16.    In light of the extensive information contained in the Disclosure Statement, the

7   Debtors request that the Court approve the Disclosure Statement pursuant to section 1125(b) of the

8   Bankruptcy Code and authorize the dissemination of the Disclosure Statement pursuant to the

9   procedures set forth in this Motion.

10  **II.    THE PROPOSED PROCEDURES FOR THE FORM, SCOPE, AND NATURE OF
         SOLICITATION, BALLOTING, TABULATION, AND NOTICES ARE**
11  **    REASONABLE AND APPROPRIATE.**

12

13      **A.    The Proposed Distribution Of Solicitation Packages and Notices of Non-Voting
             Status Is Appropriate Under Bankruptcy Rule 3017(d).**

14      17.    Bankruptcy Rule 3017(d) provides that the proponent of a plan of reorganization

15  shall mail copies of the plan, the disclosure statement, and a notice regarding the deadlines for

16  voting on the plan to all creditors and equity security holders, "except to the extent that the court

17  orders otherwise with respect to one or more unimpaired classes of creditors or equity security

18  holders." Fed. R. Bankr. P. 3017(d). Rule 3017(d) further provides that, without exception, "notice

19  of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors

20  and equity security holders." *Id.*

21      18.    Accordingly, pursuant to Bankruptcy Rule 3017(d), the procedures proposed by the

22  Debtors through this Motion provide for them to send notice of the applicable deadlines for balloting

23  on the Joint Plan and for filing objections to confirmation, to <u>all</u> known creditors, interest holders,

24  and other parties in interest.

25      19.    The proposed procedures further provide for the Debtors to send complete

26  Solicitation Packages (which include a copy of the Joint Plan, the Disclosure Statement, the

27

28                                    -14-

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

Confirmation Hearing Notice, the Confirmation Letter, and applicable Ballots) to the Solicitation

Package Parties.

20.     However, consistent with Bankruptcy Rule 3017(d) and in order to limit the

substantial administrative expenses that the Debtors will incur in printing and mailing the

Solicitation Packages (which will be over a hundred pages in length), the proposed procedures

further provide for the Debtors to send only a Notice of Non-Voting Status (without a complete

copy of the Joint Plan, the Disclosure Statement, or a Ballot) to the Non-Voting Parties.

21.     The procedures for distribution of the Notices of Non-Voting Status are within the

scope of Bankruptcy Rule 3017(d), which provides in relevant part:

> If the court orders that the disclosure statement and the plan or a
> summary of the plan shall not be mailed to any unimpaired class,
> notice that the class is designated in the plan as unimpaired and notice
> of the name and address of the person from whom the plan or
> summary of the plan and disclosure statement may be obtained upon
> request and at the plan proponent's expense, shall be mailed to
> members of the unimpaired class together with the notice of the time
> fixed for filing objections to and the hearing on confirmation

Fed. R. Bankr. P. 3017(d).  Holders of unimpaired claims or interests are presumed to accept the

Joint Plan under section 1126(f) of the Bankruptcy Code and holders of claims or interest in

impaired classes that do not receive any consideration under the Joint Plan are presumed to reject the

Joint Plan.  Solicitation of the Non-Voting Parties is therefore not required under Bankruptcy Rule

3017(d), and no Ballots are proposed for the Non-Voting Parties.  The Notices of Non-Voting Status

satisfy the requirements of Bankruptcy Rule 3017(d) because they (a) notify the holder that their

claim or interest is unimpaired (b) set forth the manner in which a copy of the Joint Plan and

Disclosure Statement may be obtained; and (c) provide notice of the Confirmation Hearing and the

time fixed for filing objections to confirmation of the Joint Plan.

22.     The proposed limitations on notice are in the best interests of the estate because it

will help limit the significant administrative expenses associated with printing and serving the

complete Solicitation Package.  *See* Fed. R. Bankr. P. 3017 advisory committee's note – 1991

amendment ("the court may direct that disclosure statements shall not be sent to such [unimpaired]

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

1   classes if to do so would not be feasible considering the size of the unimpaired classes and the

2   expense of printing and mailing").

3        23.    The Debtors propose that, prior to the distribution of the Solicitation Packages and

4   the Notices of Non-Voting Status, the Debtors be permitted to include any missing dates and/or

5   times and other information, correct any typographical errors and make other such non-material and

6   non-substantive changes that the Debtors deem necessary to the Disclosure Statement, the Joint

7   Plan, the Ballots, or any notices approved by the Court pursuant to the order approving the

8   Disclosure Statement.

9        **B.    The Solicitation Procedures For Beneficial Owners Of The Common Stock Are
            Appropriate Under Bankruptcy Rule 3017(e).**

10

11       24.    Bankruptcy Rule 3017(e) provides that, "[a]t the hearing held [regarding the

12  adequacy of information in a disclosure statement], the court shall consider the procedures for

13  transmitting the documents and information . . . to beneficial holders of stock, bonds, debentures,

14  notes, and other securities, determine the adequacy of the procedures, and enter any orders the court

15  deems appropriate." Fed. R. Bankr. P. 3017(e).  The purpose of this rule is clear:

16          *Subdivision (e)* is designed to ensure that appropriate measures are
            taken for the plan, disclosure statement, ballot, and other materials . . .
17          to reach the beneficial holders of securities held in nominee name.
            Such measures may include orders directing the trustee or debtor in
18          possession to reimburse the nominees out of the funds of the estate for
            the expenses incurred by them in distributing materials to beneficial
19          holders.  *In most cases, the plan proponent will not know the identities
            of the beneficial holders and therefore it will be necessary to rely on*
20          *the nominal holders of the securities to distribute the plan materials to*
            *the beneficial owners.*
21

22  Fed. R. Bankr. P. 3017 advisory committee's note – 1991 amendment (emphasis added).

23       25.    The procedures proposed by the Debtors for the identification and provision of notice

24  to owners of the Existing CALC Common Stock therefore are within the scope of Bankruptcy Rule

25  3017(e) because such procedures provide for the record holders to transmit Notices of Non-Voting

26

27

28

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

Status to the beneficial owners.[1]  As contemplated by Bankruptcy Rule 3017(e), the procedures also provide for the bankruptcy estate to reimburse the record holders for their reasonable expenses incurred in doing so.

26.    The proposed procedures are in the best interests of the estate because they will ensure that the maximum number of beneficial owners receive Notices of Non-Voting Status.

**C.    The Proposed Record Date Is Appropriate Under Bankruptcy Rules 3017(d) And 3018(a).**

27.    Bankruptcy Rule 3017(d) provides that, "[f]or the purposes of this subdivision, creditors and equity security holders shall include holders of stock, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing."  Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 3018(a) similarly provides that a creditor or interest holder whose claim is based upon a security "shall not be entitled to accept or reject a plan unless the equity security holder or creditor is the holder of record of the security on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R. Bankr. P. 3018(d).

28.    The Debtors do not know precisely when the order approving the Disclosure Statement will be entered on the Court's docket.  As a result, because that date is uncertain, it cannot feasibly be used as a record date for identifying creditors and/or interest holders, including those holding transferred claims and the beneficial holders of Existing CALC Common Stock, in time to permit a mailing of Solicitation Packages or other notices as required pursuant to the procedures set forth above promptly after the entry of the order.  Accordingly, the Debtors propose that the date of the Disclosure Statement Hearing, at 4:00 p.m. prevailing Pacific Time, be the Record Date, regardless of whether an order approving the Disclosure Statement actually is entered on the docket on that date.

---

[1]  As noted above, Common Stock interests are classified in Class A-7, which is an Unimpaired Class.

-17-

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

29.    The use of a record date that is the same as the date of the hearing on approval of the

Disclosure Statement expressly is contemplated in the advisory committee notes to Bankruptcy

Rule 3017:

> *Subdivision (d)* is amended to provide flexibility in fixing the record
> date for the purpose of determining the holders of securities who are
> entitled to receive documents pursuant to this subdivision. For
> example, if there may be a delay between the oral announcement of
> the judge's order approving the disclosure statement and entry of the
> order on the court docket, *the court may fix the date on which the
> judge orally approves the disclosure settlement as the record date so
> that the parties may expedite preparation of the lists necessary to
> facilitate the distribution of the plan, disclosure statement, ballots, and
> other related documents.*

Fed. R. Bankr. P. 3017 advisory committee's note – 1997 amendment (emphasis added); *accord*

Fed. R. Bankr. P. 3018 advisory committee's note – 1997 amendment.  As such, the Court should

approve the requested Record Date.

**D.    Publication Of The Notice Regarding The Confirmation Hearing Is Appropriate
Under Bankruptcy Rules 2002(i) And 9008.**

30.    In order to ensure that all potential creditors and interest holders, including beneficial

owners of the Common Stock, receive notice and an opportunity to obtain copies of the Solicitation

Packages, the proposed procedures provide for the Debtors to cause the Publication Notice, which is

an abbreviated notice of the Confirmation Hearing and of the deadlines for voting, filing objections,

and submitting evidence in connection therewith, to be published at the expense of the estate once in

each of the *Orange County Register* and the *Wall Street Journal* (national edition).

31.    Bankruptcy Rule 2002(i) provides that "[t]he court may order notice by publication if

it finds that notice by mail is impracticable or that it is desirable to supplement the notice."

Fed. R. Bankr. P. 2002(i).  Bankruptcy Rule 9008 further provides that, "[w]henever these rules

require or authorize service or notice by publication, the court shall, to the extent not otherwise

specified in these rules, determine the form and manner thereof, including the newspaper or other

medium to be used and the number of publications."  Fed. R. Bankr. P. 9008.

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

32.     The proposed publication of the Publication Notice therefore is appropriate under the circumstances, and the Court should authorize such publication in the manner set forth above.

**E.     The Proposed Form Of Confirmation Hearing Notice, Publication Notice, And Ballots Is Appropriate Under Bankruptcy Rule 3017(d).**

33.     As noted above, Bankruptcy Rule 3017(d) requires that a proponent send to all creditors and interest holders a notice of (a) the deadlines for voting on the plan and for objecting to confirmation, and (b) the procedures for obtaining a complete copy of the plan and disclosure statement at the expense of the proponent.  Bankruptcy Rule 3017(d) further requires that "a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan."  Fed. R. Bankr. P. 3017(d); *see also* Fed. R. Bankr. P. 3018(c) ("An acceptance or rejection shall . . . conform to the appropriate Official Form.").

34.     The Notice of Non-Voting Status, the Confirmation Hearing Notice and the Publication Notice provide the information required by Bankruptcy Rule 3017(d).  Accordingly, the Court should approve the form of those notices.  *See* Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

35.     Similarly, the forms of Ballot proposed by the Debtors conform in all material respects with Official Bankruptcy Form 14, with modifications only to match the particular needs of the various classes of creditors and interest holders that are entitled to vote on the Joint Plan.  The Court therefore also should approve the form of those Ballots.

**F.     The Proposed Voting Deadline Is Appropriate Under the Circumstances.**

36.     Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of the disclosure statement, the court shall fix a time within which holders of claims and interest may accept or reject the plan."  Fed. R. Bankr. P. 3017(c).  The Debtors therefore request that the Court set as the Voting Deadline ten (10) days before the Confirmation Hearing.  Because the Debtors will serve the Solicitation Packages within five (5) days of the date on which the Court enters an order approving the procedures proposed in this Motion, the proposed Voting Deadline should provide creditors and

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

-19-

interest holders with an ample period of time within which to review the solicitation material and to cast Ballots on the Joint Plan.

**G.      The Proposed Procedures For Balloting And Tabulation Of Votes Are Appropriate Under The Circumstances.**

37.      Generally, only holders of allowed claims or interests are entitled to vote to accept or reject a proposed plan of reorganization.  *See* 11 U.S.C. § 1126(a).  Under section 502(a) of the Bankruptcy Code, proofs of claim are deemed allowed "unless a party in interest . . . objects." 11 U.S.C. § 502(a).  Thus, when an objection to a proof of claim has been filed, the holder of that claim is not entitled to vote on a proposed plan unless the Bankruptcy Court temporarily allows the claim for voting purposes pursuant to Bankruptcy Rule 3018(a).  *See* Fed. R. Bankr. P. 3018(a) ("Notwithstanding objection to a claim or interest, the court after notice and a hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan.");  *Bell Road Inv. Co. v. M. Long Arabians (In re M. Long Arabians)*, 103 B.R. 211, 215 (B.A.P. 9th Cir. 1989).

38.      The Debtors therefore have proposed the procedures set forth in this Motion to ensure that only the votes of holders of allowed claims and interests are counted in the tabulation of Ballots on the Joint Plan.  The Debtors submit that the proposed procedures are reasonable and appropriate under the circumstances and in accord with sections 502(a) and 1126 of the Bankruptcy Code as well as Bankruptcy Rule 3018.  Because the deadline for objecting to claims and equity interests under the Joint Plan is after the date of confirmation, the request by the Debtors for the Court to order that creditors and interest holders may not rely on the absence of an objection to their proofs of claim or interest in determining whether to vote to accept or reject the Joint Plan or as any indication that the Debtors ultimately will not object to the amount, priority, security, or allowability of such claims and interests also is appropriate under the circumstances.

**III.    THE PROPOSED PROCEDURES AND DEADLINES ARE REASONABLE AND APPROPRIATE.**

39.      Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court may fix a date for the hearing on confirmation."  Fed. R. Bankr. P. 3017(c).

-20-

1  Similarly, Bankruptcy Rule 3020(b) provides that "[a]n objection to confirmation of the plan shall

2  be filed and served . . . within a time fixed by the court," Fed. R. Bankr. P. 3020(b), and Bankruptcy

3  Rule 2002(b) provides that the plan proponent must provide at least twenty-eight (28) days notice of

4  the deadline for filing such objections.  Furthermore, this Court has authority, pursuant to section

5  105 of the Code and Bankruptcy Rule 9014 (which authorizes the Court to apply Bankruptcy Rule

6  7016), to establish scheduling deadlines for discovery and confirmation procedures for the

7  Confirmation Hearing.

8      40.    The Debtors submit that the proposed dates for the Confirmation Hearing, the

9  associated deadlines for objecting to the Joint Plan and for responding to such objections, and the

10  related procedures set forth in this Motion fall within the scope of the above-noted rules and are

11  reasonable and appropriate under the circumstances.

12                            **NOTICE**

13      41.    Concurrently with the filing of this Motion, the Debtors have served copies of the

14  Notice of Motion, Motion, Joint Plan, and Disclosure and certain related pleadings and documents,

15  by electronic mail (where available) or overnight delivery (where no electronic mail information is

16  available), on: (a) the Debtors; (b) the Office of the United States Trustee for the Central District of

17  California; (c) the creditors identified on the list of creditors holding the twenty-five (25) largest

18  unsecured claims against the Debtors on a consolidated basis, but excluding homebuyers;

19  (d) counsel to the agent for the Debtors' prepetition revolver and term secured lenders; and (e) all

20  parties having filed a request for special notice pursuant to Bankruptcy Rule 2002(i).

21      42.    Also concurrently with the filing of this Motion, the Debtors have served a copy of

22  the Notice of this Motion to all creditors, equity security holders, and other parties in interest as

23  provided in Bankruptcy Rule 2002, as required by Bankruptcy Rule 3017(a).

24

25                          **CONCLUSION**

26      **WHEREFORE,** the Debtors respectfully request that the Court enter an order, in

27  substantially the form of the proposed order attached hereto as Exhibit A: (a) approving the

28

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

1   adequacy of the information in the Disclosure Statement and authorizing the dissemination of the

2   Disclosure Statement pursuant to the procedures set forth in this Motion; (b) approving the proposed

3   form, scope, and nature of the solicitation, balloting, tabulation and notices with respect to the

4   Disclosure Statement and the Joint Plan; (c) scheduling a hearing to consider confirmation of the

5   Joint Plan; and (d) establishing the related proposed confirmation procedures, deadlines, and notices.

6

7   DATED: April 1, 2010                              HENNIGAN, BENNETT & DORMAN LLP
                                                      865 South Figueroa Street, Suite 2900
8                                                     LOS ANGELES, CA 90017

9

10
                                                      By: /s/ Joshua M. Mester
11                                                          Joshua M. Mester

12                                                    *Reorganization Counsel for*
                                                      *Debtors and Debtors in Possession*
13

-22-