# EXHIBIT A

HENNIGAN, BENNETT & DORMAN LLP
BRUCE BENNETT (Cal. Bar No. 105430)
JOSHUA M. MESTER (Cal. Bar No. 194783)
MICHAEL C. SCHNEIDEREIT (Cal. Bar No. 234956)
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Fax: (213) 694-1234

*Reorganization Counsel for*
*Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| *In re* | Case No. 8-09-21712-TA |
| ☐ CALIFORNIA COASTAL COMMUNITIES, INC | Jointly Administered with Case Nos. |
| ☐ SIGNAL LANDMARK HOLDINGS INC. | 8:09-21713-TA; 8:09-21714-TA; |
| ☐ SIGNAL LANDMARK | 8:09-21715-TA; 8:09-21717-TA; |
| ☐ HEARTHSIDE HOLDINGS, INC. | 8:09-21718-TA; 8:09-21719-TA; |
| ☐ HEARTHSIDE HOMES, INC. | 8:09-21720-TA; 8:09-21721-TA; |
| ☐ HHI CHANDLER, L.L.C. | 8:09-21722-TA; 8:09-21723-TA |
| ☐ HHI CHINO II, L.L.C. | |
| ☐ HHI CROSBY, L.L.C. | Chapter 11 |
| ☐ HHI HELLMAN, L.L.C. | |
| ☐ HHI LANCASTER I, L.L.C. | **ORDER APPROVING (I) ADEQUACY OF** |
| ☐ HHI SENECA, L.L.C. | **INFORMATION IN DISCLOSURE** |
| | **STATEMENT WITH RESPECT TO THE** |
| ☒ All Debtors. | **DEBTOR'S JOINT PLAN OF** |
| | **REORGANIZATION; (II) FORM, SCOPE** |
| | **AND NATURE OF SOLICITATION,** |
| | **BALLOTING, TABULATION AND** |
| | **NOTICES WITH RESPECT THERETO;** |
| | **AND (III) RELATED CONFIRMATION** |
| | **PROCEDURES, DEADLINES AND** |
| | **NOTICES** |
| | |
| | **Disclosure Statement Hearing** |
| | |
| | Date:    May 12, 2010 |
| | Time:    10:00 a.m. |
| | Place:   Courtroom "5B" |
| |           411 West Fourth Street |
| |           Santa Ana, CA 92701-4593 |

-1-

778774.7

This matter coming before the Court on the "Motion For Order Approving (A) Adequacy Of Information In Disclosure Statement With Respect To The Debtors' Joint Plan Of Reorganization; (B) Form, Scope, And Nature Of Solicitation, Balloting, Tabulation And Notices With Respect Thereto; And (C) Related Confirmation Procedures, Deadlines, And Notices" (the "Motion"), filed by California Coastal Communities, Inc. ("CALC"), and its affiliated debtors and debtors in possession herein (collectively, the "Debtors"); the Court having reviewed the Motion, any evidence submitted in support of the Motion, and the record in this case, and having heard the arguments of counsel in support of the relief requested in the Motion at a hearing before the Court on the Motion (the "Disclosure Statement Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) notice of the Motion and the Disclosure Statement Hearing on the Motion was sufficient and appropriate under the circumstances; (d) the relief requested in the Motion is reasonable and appropriate under the circumstances of this case; (e) the time periods, deadlines, and procedures proposed by the Debtors through the Motion and established through this Order are fair to all parties in interest and provide ample notice and give sufficient time to persons desiring to act upon the matters specified below; and (f) the form and dissemination of the notices proposed by the Debtors through the Motion and approved by this Order are reasonably calculated under the circumstances to apprise all interested parties, and the respective agents and attorneys of such parties, of the applicable time periods, deadlines, and procedures established by this Order; and the Court having determined that the legal and factual bases set forth in the Motion and at the Disclosure Statement Hearing establish just cause for the relief granted herein;

**IT HEREBY IS ORDERED THAT:**

2.    The Motion is GRANTED.

3.    The "Disclosure Statement For Joint Plan Of Reorganization" (as amended, the "Disclosure Statement"), filed on March 26, 2010 contains "adequate information" within the meaning of section 1125 of title 11 of the United States Code (the "Bankruptcy Code").

-2-

778774.7

4.      The Debtors are hereby authorized to disseminate the Disclosure Statement, the "Debtors' Joint Plan of Reorganization" (the "Joint Plan"), and related notices and solicitation materials as follows:

a.      On or before the first business day that is at least five (5) days after the date on which this Order is entered (the "Service Date"), the Debtors shall serve a solicitation package (the "Solicitation Package") consisting of (i) the Disclosure Statement (which includes a copy of the Joint Plan as Exhibit A); (ii) the Joint Plan; (iii)  a notice of the scheduled hearing regarding confirmation of the Joint Plan (the "Confirmation Hearing") and of the deadlines for voting, filing objections, and submitting evidence in connection therewith, substantially in the form of the notice attached to the Motion as Exhibit B (the "Confirmation Hearing Notice"); (iv) a letter from the Debtors in substantially the form of the letter attached to the Motion as Exhibit C (the "Confirmation Letter"); and (v) an appropriate ballot or ballots in the form attached to the Motion as Exhibit D (if the intended recipient is in a class that is entitled to vote on the Joint Plan), on the following entities (the "Solicitation Package Parties"):

i.      Each holder of a claim or interest that (A) that is classified in one of the following classes under the Joint Plan that is entitled to vote to accept or reject the Joint Plan: A-1, A-2, A-3, A-5, B-1, B-2, B-3, B-5, C-1, C-2, C-3, C-5, D-1, D-2, D-3, D-5, E-1, E-2, E-3, E-5, F-1, F-2, F-3, F-4, F-6 and G-3 and (B) that has filed a proof of claim or interest in this case with a liquidated, undisputed, noncontingent claim in an amount of more than $0, or for whom the Debtors scheduled in their "Schedules of Assets and Liabilities" (as amended, the "Schedules") a liquidated, undisputed, noncontingent claim or interest in an amount of more than $0 and (collectively, the "Voting Classes");

ii.      All parties who have requested special notice in this case (the "Special Notice Parties") and the governmental entities enumerated in Bankruptcy Rule 2002(j);

-3-

778774.7

1          iii.        Parties to any remaining executory contracts or unexpired leases with

2      the Debtors; and

3          iv.        The Office of the United States Trustee.

4      b.        On or shortly after the Service Date, the Debtors or their agent shall serve a

5  notice of non-voting status (the "Notice of Non-Voting Status") that (a) notifies the holder

6  that its claim or interest is unimpaired or otherwise not entitled to vote; (b) sets forth the

7  manner in which a copy of the Joint Plan and Disclosure Statement may be obtained; and (c)

8  provides notice of the Confirmation Hearing and the time fixed for filing objections to

9  confirmation of the Joint Plan (without including a copy of the Disclosure Statement, the

10 Joint Plan, or a ballot), substantially in the form attached to the Motion as Exhibit E, to the

11 following (collectively, the "Non-Voting Parties"):

12         i.         Holders of an Administrative Claim; a Priority Tax Claim; or of

13            claims or interests in the following classes: A-4, A-6, A-7, B-4, B-6, B-7, C-4,

14            C-6, C-7, D-4, D-6, D-7, E-4, E-6, E-7, F-5, F-7, and F-8, all of which are

15            unimpaired under the Joint Plan.

16         ii.        Holders of claims or interests that do not receive any consideration

17            under the Joint Plan, including holders of claims or interests in the following

18            classes:  G-1, G-2, G-4, G-5, G-6, G-7 under the Joint Plan; and

19         iii.        All other parties that do not receive the Solicitation Package pursuant

20            to paragraph 4(a) above.

21     c.        By the Service Date, the Debtors shall cause an abbreviated notice of the

22 Confirmation Hearing and of the deadlines for voting, filing objections, and submitting

23 evidence in connection therewith, in substantially the form of the proposed notice attached to

24 the Motion as Exhibit F (the "Publication Notice"), to be published at the expense of the

25 bankruptcy estate once in each of the *Orange County Register* and the *Wall Street Journal*

26 (national edition).

27

28                              -4-

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

d.    Prior to distribution, the Debtors shall be permitted to include any missing dates and/or times and other information, correct any typographical errors and make other such non-material and non-substantive changes that the Debtors deem necessary to the Disclosure Statement, the Joint Plan, the Ballots, or any notices approved by this Order.

e.    The Solicitation Packages may be distributed in the form of either a CD-ROM or paper copies, provided however that the Ballots and a pre-addressed, postage-paid return envelope for each Ballot shall be served in hard copy.

f.    The Debtors shall be excused:  (a) from giving notice or providing service of any kind upon any Person to whom the Debtors mailed the Disclosure Statement Hearing Notice or any other notices or materials approved for distribution pursuant to this Order or otherwise and received any of such notices returned by the USPS or other carrier marked "undeliverable as addressed," "moved, left no forwarding address," "forwarding order expired," or any similar reason, unless the Debtors or the Balloting Agent have been informed in writing by such Person, or are otherwise aware of that Person's new address.  If a Person has changed its mailing address after the Petition Date, the burden shall be on such Person, not the Debtors, to advise the Balloting Agent of the new address.  If a Disclosure Statement Hearing Notice or a Solicitation Package is returned to the Balloting Agent as "undeliverable as addressed," "moved, left no forwarding address," "forwarding order expired," or another similar reason, the Debtors shall make a reasonable attempt to search their records for any new or alternative address(es) at which the Claim or Interest Holder may receive the relevant materials, and shall re-send the materials to the new or alternative address(es) if and to the extent identified by the Debtors.

5.    The Debtors are authorized to employ the following procedures for transmitting Notices of Non-Voting Status to Shareholders.  Institutional Nominees (as defined below) are hereby ordered to comply with the following:

a.    By the Service Date, the Debtors or their agent shall:

-5-

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

i.      Obtain a list of the registered holders of the Common Stock as of the Record Date established pursuant to Paragraph 9, below, including the brokers, banks and financial institutions (collectively, the "Institutional Nominees") that hold Common Stock in "street name" for the benefit of the beneficial owners of such securities;

ii.     Send a Notice of Non-Voting Status directly to those registered holders who appear to be the beneficial owners of such securities; and

iii.    Contact each of the Institutional Nominees to determine the aggregate number of beneficial owners who are represented by such institutions, deliver to each Institutional Nominee a number of Notices of Non-Voting Status that is sufficient to enable such Institutional Nominee to deliver a Notice of Non-Voting Status to each applicable beneficial owner, and instruct the Institutional Nominees to make such deliveries promptly.

b.      The Debtors shall have the authority (i) to reimburse its agent(s) and the Institutional Nominees for their actual, necessary and reasonable expenses incurred in performing the above-noted services and (ii) to pay its agent a reasonable fee; provided, however, that the Debtors shall not pay any fees, commissions, or other remuneration to the Institutional Nominees for such services.

6.      The form of the Solicitation Packages (including the Confirmation Hearing Notice and the Confirmation Letter), the Notices of Non-Voting Status, and the Publication Notice is approved.  The Debtors are authorized to transmit and publish such information in accordance with the procedures set forth above.

7.      The Debtors are authorized to use a Ballot substantially in the form of the proposed Ballot attached to the Motion as Exhibit D (the "Ballot") for voting by holders of claims and/or interests that are entitled to vote on the Joint Plan.  Holders of claims and/or interests in the Non-Voting Classes are not entitled to vote.

-6-

778774.7

8.      The Debtors and the Ballot Tabulator (as defined below) are authorized to employ the following procedures for balloting and for the tabulation of Ballots with respect to the Joint Plan (and not for any other purpose):

a.      The amount of a claim for the purposes of Ballot tabulation shall be the following (regardless of whether the claim amount indicated on a particular Ballot differs from the amounts determined as set forth below):

i.      The claim's allowed amount, if the claim has been allowed pursuant to Court order;

ii.      The claim amount settled and/or agreed upon by the Debtors prior to the Record Date, as reflected in a court pleading, stipulation, term sheet, agreement, or other document filed with and approved by the Bankruptcy Court, in an order entered by the Bankruptcy Court, or in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court, regardless of whether a proof of claim has been filed;

iii.      For a claim identified in the Schedules as not contingent, not unliquidated, and not disputed, and for which no proof of claim has been filed timely, the claim amount as identified in the Schedules (the "Scheduled Amount"); and

iv.      For a timely proof of claim that is filed in a specified liquidated amount and that is not the subject of an objection filed before the Confirmation Hearing or an order disallowing such claim entered prior to the Confirmation Hearing, (aa) the specified liquidated amount in such proof of claim, or (bb) if an amount has been allowed temporarily for voting purposes after notice and a hearing pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the amount in which such claim is temporarily allowed.

v.      In the absence of any of the foregoing, at zero.

b.      If an entity submits a Ballot for a claim (i) for which there is no timely proof of claim filed and for which there is no corresponding Scheduled Amount, or (ii) which is

-7-

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

the subject of an unresolved objection filed prior to the Confirmation Hearing, such Ballot shall not be counted unless otherwise ordered by the Court.

c.    Any Ballot cast by an entity that has filed a proof of claim (i) that is contingent or in an unliquidated, unknown, or unstated amount, (ii) that has not previously been disallowed and is not the subject of an objection filed before the Confirmation Hearing, and (iii) for which there is no corresponding Scheduled Amount, shall be counted as a single vote toward satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code for the relevant class of claims under the Joint Plan but shall not be counted toward satisfying the aggregate amount requirement of that provision.

d.    Creditors and/or interest holders that have claims and/or interests in more than one class under the Joint Plan must submit a separate Ballot for voting their claims and/or interests in each such class.  Any creditor or interest holder that requires additional copies of a Ballot either may photocopy the original Ballot or obtain an additional Ballot pursuant to the instructions set forth in the Confirmation Hearing Notice and the proposed Ballots.  If a creditor or interest holder uses one Ballot to vote claims in more than one class, such combined Ballot shall not be counted unless otherwise ordered by the Court.

e.    Each creditor and/or interest holder must vote all of its claim(s) or interest(s) that are classified within a particular class under the Joint Plan in the same manner.  A creditor and/or interest may not split its vote with respect to a particular class, and any Ballot (or multiple Ballots with respect to multiple claims or interests within a single class) that partially rejects and partially accepts the Joint Plan, or that indicates both a vote for and against the Joint Plan, shall not be counted unless otherwise ordered by the Court.

f.    If an entity casts more than one eligible Ballot with respect to the same claim before the Voting Deadline, as established below, the last valid Ballot received prior to that deadline shall supersede any prior Ballot(s) by such entity with respect to such claim unless otherwise ordered by the Court.

-8-

778774.7

g.      The Debtors shall be entitled to rely, without further investigation, on the authority of the signatory of each Ballot to complete and execute the Ballot.  Unless otherwise ordered by the Court, any Ballot that is not signed shall not be counted.  Delivery of a Ballot by facsimile, e-mail, or ay other electronic means will not be valid.

h.      The following entity (the "Ballot Tabulator") shall tabulate Ballots on the Joint Plan and prepare the appropriate report (the "Voting Report"), in accordance with sections 1126(c) and (d) and Local Rule 3018-1, with respect thereto:

Hennigan, Bennett & Dorman LLP
Attention:  Mr. Kevin Floyd
865 S. Figueroa St., Suite 2900
Los Angeles, CA  90017

i.      Creditors and interest holders may not rely on the absence of an objection to their proofs of claim or interest in determining whether to vote to accept or reject the Joint Plan or as any indication that the Debtors ultimately will not object to the amount, priority, security, or allowability of such claims and interests.

j.      The Debtors' right to seek a determination from the Court that one or more of the classes of claims designated under the Joint Plan are unimpaired, notwithstanding their identification as impaired in the Joint Plan, the Disclosure Statement, the Motion, or this Order, and that such class(es) therefore are deemed to have accepted the Joint Plan without regard to how the class(es) actually voted with respect to the Joint Plan, is reserved.

k.      Neither the Debtors nor any other person will be under any duty to provide notification of defects or irregularities other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification.

9.      The following dates and procedures with respect to the Joint Plan hereby are established:

a.      May 12, 2010, at 4:00 p.m. prevailing Pacific Time (the "Record Date") shall be the date on which the identity of claim and/or interest holders shall be determined for the purpose of establishing an entitlement to (i) receive Solicitation Packages or other materials in accordance with the procedures set forth in this Order, and (ii) vote on the Joint Plan.

778774.7

b.        _____, 2010, at 4:00 p.m. prevailing Pacific Time (the "Voting Deadline"), shall be the deadline by which Ballots to accept or reject the Joint Plan must be received from eligible creditors and interest holders.  Unless otherwise specifically ordered by the Court with respect to a specific Ballot, all Ballots must be completed, signed, returned to and actually received by the Ballot Tabulator at the address set forth above on or before the Voting Deadline in order to be counted.

c.        _____, 2010, at __:___.m., prevailing Pacific Time shall be the date and time for the Confirmation Hearing, which may be continued by announcement in open Court without further notice.

d.        The first business day that is at least fourteen (14) days prior to the date of the Confirmation Hearing shall be the last date to file and serve any objections and evidence in opposition to confirmation of the Joint Plan (the "Objection Deadline"), which must (i) be in writing and accompanied by a memorandum of points and authorities; (ii) set forth in detail the name and address of the party filing the objection, the grounds for the objection, any evidentiary support therefor in the nature of declarations submitted under penalty of perjury, and the amount of the objector's claims or such other grounds that give the objector standing to assert the objection; and (iii) be served upon the following persons:

-10-

1

2

<u>Counsel to the Debtors:</u>    <u>United States Trustee</u>

3
Hennigan, Bennett & Dorman, LLP    Nancy Goldenberg
Attn: Joshua M. Mester    411 West Fourth Street, Suite 9041
4    865 South Figueroa Street    Santa Ana, CA 92701
Suite 2900
5    Los Angeles, CA 90017

6

7    <u>Counsel to the Prepetition Agent</u>

8    Sheldon L. Solow
Harold D. Israel
9    Kaye Scholer LLP
70 West Madison
10    Chicago, IL 60602

11

12        e.      Any objection not timely filed and served shall be deemed to be waived and

13    to be a consent to the Court's entry of an order confirming the Joint Plan.

14        f.      The Debtors may file a brief in response to any objection to confirmation of

15    the Joint Plan no later than five (5) days prior to the commencement of the Confirmation

16    Hearing.

17        g.      Any direct testimony in support of the Joint Plan or in support of objections to

18    the Joint Plan (except direct testimony of hostile witnesses or of third party witnesses

19    unwilling to provide a declaration) shall be offered through declarations made under penalty

20    of perjury.  Such declarations shall be filed with the Court and served on other parties no

21    later than five (5) days before the commencement of the Confirmation Hearing.  Any party

22    that objects to evidence offered in the declaration or that seeks to cross-examine the

23    declarant shall file such objections and/or notice of intent to cross-examine the declarant no

24    later than two (2) days prior to the commencement date of the Confirmation Hearing.  In the

25    event that cross-examination is requested, the declarant shall be made available at the

26    Confirmation Hearing.  The testimony of hostile witnesses or of third party witnesses

27

28

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

778774.7

1    unwilling to provide a declaration shall be compelled in the manner prescribed under the

2    Bankruptcy Rules.

3        h.    The parties shall exchange exhibit lists no later than five (5) days prior to the

4    Confirmation Hearing.  Any objections to the admission of exhibits shall be filed and served

5    no later than two (2) days prior to the commencement of the Confirmation Hearing.

6        10.    This Order shall be without prejudice to the Debtors' right to request additional rules,

7    guidelines, and deadlines with respect to balloting and solicitation of votes on the Joint Plan.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

778774.7

# EXHIBIT B

1

HENNIGAN, BENNETT & DORMAN LLP
BRUCE BENNETT (Cal. Bar No. 105430)

2

JOSHUA M. MESTER (Cal. Bar No. 194783)
MICHAEL C. SCHNEIDEREIT (Cal. Bar No. 234956)

3

865 South Figueroa Street, Suite 2900
Los Angeles, California 90017

4

Telephone: (213) 694-1200
Fax: (213) 694-1234

5

6

*Reorganization Counsel for Debtors
and Debtors in Possession*

7

8

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

9

**SANTA ANA DIVISION**

10

| | |
|---|---|
| *In re* | ) Case No. 8:09-21712-TA |
| ☐ CALIFORNIA COASTAL COMMUNITIES, INC. | ) Jointly Administered with Case Nos. |
| ☐ SIGNAL LANDMARK HOLDINGS, INC. | ) 8:09-21713-TA; 8:09-21714-TA; |
| ☐ SIGNAL LANDMARK | ) 8:09-21715-TA; 8:09-21717-TA; |
| ☐ HEARTSIDE HOLDINGS, INC. | ) 8:09-21718-TA; 8:09-21719-TA; |
| ☐ HEARTSIDE HOMES, INC. | ) 8:09-21720-TA; 8:09-21721-TA; |
| ☐ HHI CHANDLER, L.L.C. | ) 8:09-21722-TA; 8:09-21723-TA |
| ☐ HHI CHINO II, L.L.C. | ) |
| ☐ HHI CROSBY, L.L.C. | ) <u>Chapter 11</u> |
| ☐ HHI HELLMAN, L.L.C. | ) |
| ☐ HHI LANCASTER I, L.L.C. | ) **NOTICE OF HEARING ON** |
| ☐ HHI SENECA, L.L.C. | ) **CONFIRMATION OF THE DEBTORS'** |
| | ) **JOINT PLAN OF REORGANIZATION AND** |
| ☐ All Debtors | ) **RELATED PROCEDURES AND** |
| | ) **DEADLINES** |
| Debtors. | ) |
| | ) **<u>Confirmation Hearing</u>** |
| | ) |
| | ) Date :   _____, 2010 |
| | ) Time : |
| | ) Place :  Courtroom "5B" |
| | )         411 West Fourth Street |
| | )         Santa Ana, CA 92701-4593 |
| | ) |
| _____ | ) |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

779288.1

**PLEASE TAKE NOTICE THAT** your vote is being solicited in connection with the "Joint Plan of Reorganization" (the "Joint Plan") filed on March 26, 2010 by California Coastal Communities, Inc. ("CALC"), and its affiliated debtors and debtors in possession (collectively, the "Debtors").  You should carefully review the material set forth in the Disclosure Statement for the Joint Plan (the "Disclosure Statement"), enclosed herewith (and in the exhibits attached thereto) in order to make an independent determination as to whether to vote to accept or reject the Joint Plan. **THE DEBTORS REQUEST THAT YOU VOTE TO ACCEPT THE PLAN**.

**PLEASE TAKE FURTHER NOTICE** that, following a hearing held on May 12, 2010, the United States Bankruptcy Court for the Central District of California, Santa Ana Division, the Honorable Theodor C. Albert presiding (the "Bankruptcy Court"), entered its "Order Approving (I) Adequacy Of Information In Disclosure Statement With Respect To The Debtor's Joint Plan Of Reorganization; (II) Form, Scope And Nature Of Solicitation, Balloting, Tabulation And Notices With Respect Thereto; And (III) Related Confirmation Procedures, Deadlines And Notices" (the "Disclosure Statement Order"), by which the Bankruptcy Court, among other things, approved the Disclosure Statement as containing adequate information to enable creditors and equity security holders to make an informed judgment in determining whether to vote to accept or reject the Joint Plan.

**PLEASE TAKE FURTHER NOTICE** that enclosed herewith is (1) a copy of the Disclosure Statement; (2) a copy of the Joint Plan; (3) a ballot, if you are entitled to vote on the Joint Plan, and (4) a copy of the Disclosure Statement Order.  If any one of these documents is not enclosed, you may obtain it, at the expense of the bankruptcy estate, by making a specific written request to:

Hennigan, Bennett & Dorman LLP
Attention:  Mr. Kevin Floyd
865 S. Figueroa St., Suite 2900
Los Angeles, CA  90017
Email: CALCbkcase@hbdlawyers.com

**PLEASE TAKE FURTHER NOTICE** that claimants desiring to vote on the Joint Plan must return ballots to accept or reject the Joint Plan so that they are actually received by Hennigan, Bennett & Dorman LLP, Attention: Mr. Kevin Floyd, 865 S. Figueroa St., Suite 2900, Los Angeles,

779288.1

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

1    CA 90017 (the "Ballot Tabulator"), by no later than _____, **at 4:00 p.m. Pacific Standard**

2    **Time** (the "Voting Deadline").  ANY BALLOTS RECEIVED AFTER THAT DEADLINE WILL

3    NOT BE COUNTED.  Claimants must return their ballots to the Ballot Tabulator at the address set

4    forth above and in accordance with the instructions that accompany such ballots.  Any ballots that

5    are sent by facsimile, email, or other electronic means will not be counted.

6              **PLEASE TAKE FURTHER NOTICE** that the Honorable Theodor C. Albert will hold a

7    hearing to consider confirmation of the Joint Plan (the "Confirmation Hearing") on _____ **at**

8    _____ \_.**m., Pacific Standard Time,** in Courtroom "5B," in the Bankruptcy Court for the Central

9    District of California (Santa Ana Division) 411 West Fourth Street Santa Ana, CA 92701-4593.  The

10    Confirmation Hearing may be continued by announcement in open court without further notice to

11    parties in interest.

12              **PLEASE TAKE FURTHER NOTICE** that any objection to confirmation of the Joint Plan

13    must be filed with the Bankruptcy Court and served upon the parties below so as to be actually

14    received by no later than _____, **2010, at 4:00 p.m. Pacific Standard Time** (the "Objection

15    Deadline").

16    Counsel to the Debtors:                              United States Trustee

17    Hennigan, Bennett & Dorman, LLP                      Nancy Goldenberg
      Attn: Joshua M. Mester                               Office of the United States Trustee
18    865 South Figueroa Street                            411 West Fourth Street, Suite 9041
      Suite 2900                                           Santa Ana, CA 92701
19    Los Angeles, CA 90017

20    Counsel to the Prepetition Agent

21

22    Sheldon L. Solow
      Harold D. Israel
23    Kaye Scholer LLP
      70 West Madison
      Chicago, IL 60602

24

25              Any such objection must be in writing, accompanied by a memorandum of points and

26    authorities, and set forth in detail the name and address of the party filing the objection, the grounds

27    for the objection, any evidentiary support therefor in the nature of declarations submitted under

28    penalty of perjury, and the amount of the objector's claims or such other grounds that give the

-3-

1   objector standing to assert the objection.  In addition, the objecting party shall be required to

2   produce to the Debtors all documents that the objecting party relies upon in support of the objection.

3   The failure to timely and properly file and serve an objection by the Objection Deadline or to

4   produce the documents that support the objection shall be deemed by the Bankruptcy Court to be a

5   consent to confirmation of the Joint Plan.

6

7   DATED: May __, 2010                         HENNIGAN, BENNETT & DORMAN LLP
                                                865 South Figueroa Street, Suite 2900
8                                               LOS ANGELES, CA 90017

9

10                                              By: */s/ Joshua M. Mester*
11                                                  Joshua M. Mester

12                                              *Reorganization Counsel for*
                                                *Debtors and Debtors in Possession*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

779288.1

# EXHIBIT C

# CALIFORNIA COASTAL COMMUNITIES, INC.

6 EXECUTIVE CIRCLE, SUITE 250
IRVINE, CALIFORNIA 92614
(949) 250-7700 • Fax (949) 261-6550

May __, 2010

**Re:** **_In re California Coastal Communities, Inc. et al._**
**Case No. 09-21712-TA (Bankr. C.D. Cal.)**

To the Creditors and Stockholders of California Coastal Communities, Inc. and its affiliated Debtors and Debtors in Possession:

This letter is sent to you in connection with the "Joint Plan of Reorganization" (the "Joint Plan") and the "Disclosure Statement for the Joint Plan Of Reorganization" (the "Disclosure Statement") proposed by California Coastal Communities, Inc. and its affiliated Debtors and Debtors in Possession (collectively, the "Debtors").

**For the reasons explained in the Disclosure Statement, the Debtors believe that, under the circumstances, the Joint Plan embodies a mechanism for the most prompt, highest, and best recovery for all of the Debtors' creditors and stockholders**.  The Debtors further believe that, if creditors do not vote to approve the Joint Plan and if the Bankruptcy Court then does not confirm the Plan, creditors and stockholders ultimately will receive either less consideration, or less consideration paid over a longer period of time, than what they would receive under the Joint Plan.

Accordingly, the Debtors request that you **cast your ballot in favor of** the Joint **Plan**, after a careful review of the Disclosure Statement and other accompanying materials.  Please call me at (949) 250-7781 or Sandra Sciutto, our Chief Financial Officer, at (949) 250-7783 if you have any questions.  We thank you for your consideration and patience as we undertake this process of restoring the Debtors to financial health and vitality.

Sincerely,

_____
Raymond J. Pacini
Chief Executive Officer
California Coastal Communities, Inc.

# EXHIBIT D

1   HENNIGAN, BENNETT & DORMAN LLP
BRUCE BENNETT (Cal. Bar No. 105430)
2   JOSHUA M. MESTER (Cal. Bar No. 194783)
MICHAEL C. SCHNEIDEREIT (Cal. Bar No. 234956)
3   865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
4   Telephone: (213) 694-1200
Fax: (213) 694-1234
5
*Reorganization Counsel for Debtors*
6   *and Debtors in Possession*

7

8                  **UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
9                        **SANTA ANA DIVISION**

10
*In re*                                    )   Case No. 8:09-21712-TA
11   ☐  CALIFORNIA COASTAL              )
COMMUNITIES, INC.                  )   Jointly Administered with Case Nos.
12   ☐  SIGNAL LANDMARK HOLDINGS, INC.  )   8:09-21713-TA; 8:09-21714-TA;
☐  SIGNAL LANDMARK                 )   8:09-21715-TA; 8:09-21717-TA;
13   ☐  HEARTHSIDE HOLDINGS, INC.       )   8:09-21718-TA; 8:09-21719-TA;
☐  HEARTSIDE HOMES, INC.           )   8:09-21720-TA; 8:09-21721-TA;
14   ☐  HHI CHANDLER, L.L.C.            )   8:09-21722-TA; 8:09-21723-TA
☐  HHI CHINO II, L.L.C.            )
15   ☐  HHI CROSBY, L.L.C.              )            Chapter 11
☐  HHI HELLMAN, L.L.C.             )
16   ☐  HHI LANCASTER I, L.L.C.         )   **BALLOT FOR CLASS ___ [TITLE OF**
☐  HHI SENECA, L.L.C.              )   **CLASS] TO ACCEPT OR REJECT**
17                                          )   **DEBTORS' JOINT PLAN OF**
☐  All Debtors                     )   **REORGANIZATION**
18                                          )
_____)
19                        Debtors.         )

20          California Coastal Communities, Inc. ("CALC") and its affiliated debtors and debtors in

21   possession in the above-captioned case (collectively, the "Debtors") have filed the "Joint Plan Of

22   Reorganization" (the "Joint Plan").  The United States Bankruptcy Court for the Central District of

23   California, Santa Ana Division (the "Bankruptcy Court") subsequently approved a Disclosure

24   Statement with respect to the Joint Plan (the "Disclosure Statement") to assist you in deciding how

25   to vote your ballot for the Joint Plan.  The Bankruptcy Court's approval of the Disclosure Statement,

26   however, does not indicate its approval of the Joint Plan.

27          **You should review the Joint Plan and the Disclosure Statement before you vote.  You**

28   **may wish to seek legal, financial, and other advice concerning the Joint Plan and your**

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

1    **classification and treatment under the Joint Plan. If the Court confirms the Joint Plan, it will**

2    **be binding on you whether or not you vote.**

3       The Joint Plan classifies at least one of your claims or equity interests into Class __ (Title of

4    Class). If you hold claims or equity interests that have been classified into other classes, you should

5    receive a ballot for each class for which you are entitled to vote. If you do not, please contact the

6    Ballot Tabulator, as indicated in the attached instructions, for an additional ballot. If you do not

7    have a copy of the Joint Plan or the Disclosure Statement, you similarly may obtain a copy upon

8    written request to the Ballot Tabulator.

9       **PLEASE REVIEW THE ATTACHED VOTING INFORMATION AND**

10   **INSTRUCTIONS CAREFULLY. IF YOUR BALLOT IS NOT <u>ACTUALLY RECEIVED</u> BY**

11   **THE BALLOT TABULATOR BY <u>     , 2010, AT 4:00 P.M.</u> PREVAILING PACIFIC**

12   **TIME, YOUR VOTE WILL NOT COUNT AS AN ACCEPTANCE OR REJECTION OF**

13   **THE JOINT PLAN.**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

## ACCEPTANCE OR REJECTION OF THE JOINT PLAN

The undersigned, a holder of an Allowed Class __ claim in the amount of:

(enter dollar amount here):  $_____,

votes with respect to the Joint Plan as follows (***check only one box***):

☐ **TO ACCEPT THE JOINT PLAN**          ☐ **TO REJECT THE JOINT PLAN**

**By signing this Ballot, the undersigned certifies that he or she has received a copy of the Joint Plan and the Disclosure Statement and is authorized to vote the claim to which this Ballot relates.**

_____          _____
*Date*                                                    *Print or type name of creditor*

                                                              _____
                                                              *Signature*

                                                              _____
                                                              *If by authorized agent, name and title*

                                                              _____
                                                              *Address*

                                                              _____
                                                              *Telephone*

                                                              _____
                                                              *Facsimile*

                                                              _____
                                                              *Social Security Number/Tax Identification Number*

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

-3-

**VOTING INFORMATION AND INSTRUCTIONS**

**FOR COMPLETING THE BALLOT**

1.      The accompanying ballot (the "Ballot") is to be used for casting votes to accept or reject the "Debtors' Joint Plan Of Reorganization" (the "Joint Plan").  **This Ballot summarizes certain information that is set forth in the Joint Plan and the Disclosure Statement with respect to the Joint Plan (the "Disclosure Statement"), which have been mailed to you.  Please refer to the Joint Plan and the Disclosure Statement for further information.**

2.      The Joint Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims of those actually voting in each class of claims under the Joint Plan and by at least two-thirds in amount of interests of those actually voting in each class of interests under the Joint Plan.  In the event that the requisite acceptances are not obtained, however, the Bankruptcy Court also may confirm the Joint Plan if it determines that the Joint Plan accords fair and equitable treatment to the dissenting class or classes and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

3.      FOR YOUR VOTE TO BE COUNTED AS VOTING FOR OR AGAINST THE JOINT PLAN, YOU MUST COMPLETE THE BALLOT IN ITS ENTIRETY (INCLUDING THEREON, AMONG OTHER INFORMATION, YOUR INDICATION OF ACCEPTANCE OR REJECTION OF THE JOINT PLAN IN THE APPROPRIATE SPACE, THE AMOUNT OF YOUR CLAIM, AND YOUR SIGNATURE) AND THEN RETURN THE BALLOT TO THE BALLOT TABULATOR AT THE ADDRESS INDICATED BELOW.  **DULY EXECUTED BALLOTS MUST BE ACTUALLY RECEIVED BY THE BALLOT TABULATOR BY NO LATER THAN _____, 2010, AT 4:00 P.M. PREVAILING PACIFIC TIME** (THE "VOTING DEADLINE").  IF YOUR BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED.  BALLOTS TRANSMITTED BY FACSIMILE, EMAIL, OR OTHER ELECTRONIC MEANS WILL NOT BE COUNTED.

YOUR BALLOT MUST BE RETURNED TO THE BALLOT TABULATOR BY

FACSIMILE, FEDERAL EXPRESS OR U.S. MAIL AT THE FOLLOWING ADDRESS:

Hennigan, Bennett & Dorman LLP
Attention:  Mr. Kevin Floyd
865 S. Figueroa St., Suite 2900
Los Angeles, CA  90017

4.      If you hold claims or interests classified into other classes under the Joint Plan, you should receive a separate Ballot for such claims/interests.  If you do not, you may contact the Ballot Tabulator to obtain an additional Ballot.  Each Ballot votes only the claims or interests marked on the Ballot.  Your vote will be counted in determining acceptance or rejection of the Joint Plan with respect to a particular class only if you fill out and return the Ballot specifically labeled for such class in accordance with the instructions that accompany such Ballot.

5.      <u>Do not return any securities, instruments, or other documentation with your Ballot.</u>

6.      If your Ballot is damaged, or if you have any questions concerning voting procedures, please contact the Ballot Tabulator either (1) via email at CALCbkcase@hbdlawyers.com; (2) by phone at (213) 694-1200; or (3) by facsimile at (213) 694-1234.

7.      The Ballot is for voting purposes only and does not constitute and will not be deemed to constitute a proof of claim or proof of interest or an amendment to a proof of claim or proof of interest with respect to the Debtor.

# EXHIBIT E

1  HENNIGAN, BENNETT & DORMAN LLP
   BRUCE BENNETT (Cal. Bar No. 105430)
2  JOSHUA M. MESTER (Cal. Bar No. 194783)
   MICHAEL C. SCHNEIDEREIT (Cal. Bar No. 234956)
3  865 South Figueroa Street, Suite 2900
   Los Angeles, California 90017
4  Telephone: (213) 694-1200
   Fax: (213) 694-1234
5
   *Reorganization Counsel for Debtors*
6  *and Debtors in Possession*

7

8              **UNITED STATES BANKRUPTCY COURT**
               **CENTRAL DISTRICT OF CALIFORNIA**
9                     **SANTA ANA DIVISION**

10
   *In re*                              ) Case No. 8:09-21712-TA
11 ☐  CALIFORNIA COASTAL                )
        COMMUNITIES, INC.               ) Jointly Administered with Case Nos.
12 ☐  SIGNAL LANDMARK HOLDINGS, INC.    ) 8:09-21713-TA; 8:09-21714-TA;
   ☐  SIGNAL LANDMARK                   ) 8:09-21715-TA; 8:09-21717-TA;
13 ☐  HEARTHSIDE HOLDINGS, INC.         ) 8:09-21718-TA; 8:09-21719-TA;
   ☐  HEARTSIDE HOMES, INC.             ) 8:09-21720-TA; 8:09-21721-TA;
14 ☐  HHI CHANDLER, L.L.C.              ) 8:09-21722-TA; 8:09-21723-TA
   ☐  HHI CHINO II, L.L.C.              )
15 ☐  HHI CROSBY, L.L.C.                )            Chapter 11
   ☐  HHI HELLMAN, L.L.C.               )
16 ☐  HHI LANCASTER I, L.L.C.           ) **NOTICE OF (I) APPROVAL OF THE**
   ☐  HHI SENECA, L.L.C.                ) **DISCLOSURE STATEMENT ;(II)**
17                                      ) **CONFIRMATION HEARING ; (III) NON-**
                                        ) **VOTING STATUS ; AND (IV) DEADLINE**
18 ☐  All Debtors                       ) **AND PROCEDURES FOR FILING**
                                        ) **OBJECTIONS TO CONFIRMATION OF**
19          Debtors.                    ) **THE JOINT PLAN OF REORGANIZATION**
                                        )
20                                      )        **Confirmation Hearing**
                                        )
21                                      ) Date :    _____, 2010
                                        ) Time :
22                                      ) Place :  Courtroom "5B"
                                        )          411 West Fourth Street
23                                      )          Santa Ana, CA 92701-4593
                                        )
24 _____       )

25

26

27

28

779430.1

**TO PARTIES IN INTEREST IN THE ABOVE CAPTIONED CASE:**

On March 26, 2010, California Coastal Communities, Inc. ("CALC"), and its affiliated

debtors and debtors in possession (collectively, the "Debtors") filed the "Debtors' Joint Plan of

Reorganization" (the "Joint Plan"), together with a Disclosure Statement for the Joint Plan (the

"Disclosure Statement").

Following a hearing held on May 12, 2010, the United States Bankruptcy Court for the

Central District of California, Santa Ana Division (the "Bankruptcy Court"), entered its "Order

Approving (I) Adequacy Of Information In Disclosure Statement With Respect To The Debtor's

Joint Plan Of Reorganization; (II) Form, Scope And Nature Of Solicitation, Balloting, Tabulation

And Notices With Respect Thereto; And (III) Related Confirmation Procedures, Deadlines And

Notices" (the "Disclosure Statement Order"), by which the Bankruptcy Court, among other things,

approved the Disclosure Statement as containing adequate information to enable creditors and equity

security holders to make an informed judgment in determining whether to vote to accept or reject the

Joint Plan.

The Bankruptcy Court having entered the Disclosure Statement Order, **NOTICE IS**

**HEREBY GIVEN THAT:**

1.      The Honorable Theodor C. Albert will hold a hearing to consider confirmation of the

Joint Plan (the "Confirmation Hearing") on _____ **at ___ _.m., Pacific Standard Time,** in

Courtroom "5B" of the United States Bankruptcy Court for the Central District of California (Santa

Ana Division), 411 West Fourth Street Santa Ana, CA 92701-4593.  The Confirmation Hearing may

be continued by announcement in open court without further notice to parties in interest.

2.      You have been sent this notice because you are either (i) a holder of claims or

interests in a class or classes that the Joint Plan treats as either unimpaired or impaired but receives

no distribution under the Joint Plan and are therefore not entitled to vote on the Joint Plan; or (ii)

you are (a) identified in the Debtors' Schedules of Assets and Liabilities as holding a claim that is

disputed, contingent, unliquidated, and/or in the amount of $0.00; and (b) have failed to file a timely

proof of claim.  If you believe that you do hold a claim or interest against the Debtors and that your

claim or interest is impaired and you are entitled to vote on the Joint Plan, you may obtain a copy of

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

779430.1

1  the Disclosure Statement, the Joint Plan, and a ballot on the Joint Plan by making a written request

2  in the manner described in Paragraph 3, below.

3       3.     You may obtain, at the expense of the bankruptcy estate, copies of the Disclosure

4  Statement that has been approved by the Bankruptcy Court, along with a copy of the Joint Plan, an

5  appropriate ballot, and a copy of the Disclosure Statement Order, by making a specific written

6  request to:

7               Hennigan, Bennett & Dorman LLP
              Attention: Mr. Kevin Floyd

8               865 S. Figueroa St., Suite 2900
               Los Angeles, CA 90017

9             Email:  CALCbkcase@hbdlawyers.com

10       4.     Any objection to confirmation of the Joint Plan must be filed with the Bankruptcy

11  Court and served upon the parties below so as to be **actually received** by no later than _____,

12  **2010, at 4:00 p.m. Pacific Standard Time** (the "Objection Deadline").

13  Counsel to the Debtors:           United States Trustee

14  Hennigan, Bennett & Dorman, LLP     Nancy Goldenberg
Attn: Joshua M. Mester           Office of the United States Trustee

15  865 South Figueroa Street         411 West Fourth Street, Suite 9041
Suite 2900                  Santa Ana, CA 92701

16  Los Angeles, CA 90017

17  Counsel to the Prepetition Agent

18

19  Sheldon L. Solow
Harold D. Israel

20  Kaye Scholer LLP
70 West Madison
Chicago, IL 60602

21

22       5.     Any such objection must be in writing, accompanied by a memorandum of points and

23  authorities, and set forth in detail the name and address of the party filing the objection, the grounds

24  for the objection, any evidentiary support therefor in the nature of declarations submitted under

25  penalty of perjury, and the amount of the objector's claims or such other grounds that give the

26  objector standing to assert the objection.  In addition, the objecting party shall be required to

27  produce to the Debtors all documents that the objecting party relies upon in support of the objection.

28  The failure to timely and properly file and serve an objection by the Objection Deadline or to

1    produce the documents that support the objection shall be deemed by the Bankruptcy Court to be a

2    consent to confirmation of the Joint Plan.

3

4    DATED: May __, 2010                    HENNIGAN, BENNETT & DORMAN LLP
                                            865 South Figueroa Street, Suite 2900
5                                           LOS ANGELES, CA 90017

6

7                                           By: /s/ Joshua M. Mester
8                                               Joshua M. Mester

9                                           *Reorganization Counsel for
                                            Debtors and Debtors in Possession*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

779430.1

# EXHIBIT F

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION**

*In re*  )  Case No. 8:09-21712-TA
☐ CALIFORNIA COASTAL  )
   COMMUNITIES, INC.  )  Jointly Administered with Case Nos.
☐ SIGNAL LANDMARK HOLDINGS, INC.  )  8:09-21713-TA; 8:09-21714-TA;
☐ SIGNAL LANDMARK  )  8:09-21715-TA; 8:09-21717-TA;
☐ HEARTHSIDE HOLDINGS, INC.  )  8:09-21718-TA; 8:09-21719-TA;
☐ HEARTSIDE HOMES, INC.  )  8:09-21720-TA; 8:09-21721-TA;
☐ HHI CHANDLER, L.L.C.  )  8:09-21722-TA; 8:09-21723-TA
☐ HHI CHINO II, L.L.C.  )
☐ HHI CROSBY, L.L.C.  )  **NOTICE OF HEARING ON**
☐ HHI HELLMAN, L.L.C.  )  **CONFIRMATION OF DEBTORS' JOINT**
☐ HHI LANCASTER I, L.L.C.  )  **PLAN OF REORGANIZATION AND OF**
☐ HHI SENECA, L.L.C.  )  **RELATED PROCEDURES AND**
   )  **DEADLINES**
☐ All Debtors  )
   )
      Debtors.  )

**TO PARTIES IN INTEREST IN THE ABOVE CAPTIONED CASES**

    **PLEASE TAKE NOTICE** that California Coastal Communities, Inc. ("CALC"), and its affiliated debtors and debtors in possession (collectively, the "Debtors") filed the "Debtors' Joint Plan of Reorganization" (the "Joint Plan"), together with a Disclosure Statement for the Joint Plan (the "Disclosure Statement").

    **PLEASE TAKE FURTHER NOTICE THAT** following a hearing held on May 12, 2010, the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "Bankruptcy Court") entered its "Order Approving (I) Adequacy Of Information In Disclosure Statement With Respect To The Debtor's Joint Plan Of Reorganization; (II) Form, Scope And Nature Of Solicitation, Balloting, Tabulation And Notices With Respect Thereto; And (III) Related Confirmation Procedures, Deadlines And Notices" (the "Disclosure Statement Order"), by which the Bankruptcy Court, among other things, approved the Disclosure Statement as containing adequate information to enable creditors and equity security holders to make an informed judgment in determining whether to vote to accept or reject the Joint Plan.

    **PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court will hold a hearing to consider confirmation of the Joint Plan (the "Confirmation Hearing") on _____ **at** _____

783839.1

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

1  _.m., **Pacific Standard Time,** in Courtroom "5B," in the Bankruptcy Court for the Central District

2  of California (Santa Ana Division), 411 West Fourth Street Santa Ana, CA 92701-4593.  The

3  Confirmation Hearing may be continued by announcement in open court without further notice to

4  parties in interest.

5       **PLEASE TAKE FURTHER NOTICE THAT** Holders of claims that are impaired under

6  the Joint Plan and are proposed to receive consideration under the Joint Plan have received or will

7  receive a solicitation package (the "Solicitation Package") containing (1) a letter from the Debtors;

8  (2) a copy of the Disclosure Statement; (3) a copy of the Joint Plan; (4) a appropriate ballot or

9  ballots, and (5) a copy of the Disclosure Statement Order.  If you do not receive a Solicitation

10  Package and you believe that you do hold an impaired claim and you are entitled to vote on the Joint

11  Plan, you may obtain a copy of the Solicitation Package by making a specific written request to:

12                    Hennigan, Bennett & Dorman LLP
                     Attention: Mr. Kevin Floyd
13                   865 S. Figueroa St., Suite 2900
                     Los Angeles, CA 90017
14                   Email:  CALCbkcase@hbdlawyers.com

15       **PLEASE TAKE FURTHER NOTICE** that _____, 2010, at 4:00 p.m. **Pacific**

16  **Standard Time** (the "Voting Deadline"), shall be the deadline by which Ballots to accept or reject

17  the Joint Plan must be received from eligible creditors and interest holders.  Unless otherwise

18  specifically ordered by the Court with respect to a specific Ballot, all Ballots must be completed,

19  signed, returned to and actually received by the Ballot Tabulator at the address set forth above on or

20  before the Voting Deadline in order to be counted.

21       **PLEASE TAKE FURTHER NOTICE** that any objection to confirmation of the Joint Plan

22  must be filed with the Bankruptcy Court and served upon the parties below so as to be actually

23  received by no later than _____, 2010, at 4:00 p.m. **Pacific Standard Time** (the "Objection

24  Deadline").

25

26

27

28

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS

-2-

783839.1

<u>Counsel to the Debtors:</u>

Hennigan, Bennett & Dorman, LLP
Attn: Joshua M. Mester
865 South Figueroa Street
Suite 2900
Los Angeles, CA 90017

<u>Counsel to the Prepetition Agent</u>

Sheldon L. Solow
Harold D. Israel
Kaye Scholer LLP
70 West Madison
Chicago, IL 60602

<u>United States Trustee</u>

Nancy Goldenberg
Office of the United States Trustee
411 West Fourth Street, Suite 9041
Santa Ana, CA 92701

Any such objection must be in writing, accompanied by a memorandum of points and authorities, and set forth in detail the name and address of the party filing the objection, the grounds for the objection, any evidentiary support therefor in the nature of declarations submitted under penalty of perjury, and the amount of the objector's claims or such other grounds that give the objector standing to assert the objection.  In addition, the objecting party shall be required to produce to the Debtors all documents that the objecting party relies upon in support of the objection. The failure to timely and properly file and serve an objection by the Objection Deadline or to produce the documents that support the objection shall be deemed by the Bankruptcy Court to be a consent to confirmation of the Joint Plan.

783839.1