FILED
JUN 18 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

ENTERED
JUN 18 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

HENNIGAN, BENNETT & DORMAN LLP
BRUCE BENNETT (Cal. Bar No. 105430)
JOSHUA M. MESTER (Cal. Bar No. 194783)
MICHAEL C. SCHNEIDEREIT (Cal. Bar No. 234956)
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Fax: (213) 694-1234

*Reorganization Counsel for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

*In re*

☐ CALIFORNIA COASTAL COMMUNITIES, INC.
☐ SIGNAL LANDMARK HOLDINGS, INC.
☐ SIGNAL LANDMARK
☐ HEARTHSIDE HOLDINGS, INC.
☐ HEARTHSIDE HOMES, INC.
☐ HHI CHANDLER, L.L.C.
☐ HHI CHINO II, L.L.C.
☐ HHI CROSBY, L.L.C.
☐ HHI HELLMAN, L.L.C.
☐ HHI LANCASTER I, L.L.C.
☐ HHI SENECA, L.L.C.

☒ All Debtors

Debtors.

Case No. 8:09-21712-TA

Jointly Administered with Case Nos.
8:09-21713-TA; 8:09-21714-TA;
8:09-21715-TA; 8:09-21717-TA;
8:09-21718-TA; 8:09-21719-TA;
8:09-21720-TA; 8:09-21721-TA;
8:09-21722-TA; 8:09-21723-TA

Chapter 11

**ORDER GRANTING MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING THE DEBTORS TO ENTER INTO AN EXIT FINANCING COMMITMENT LETTER AND PAY RELATED FEES; (B) APPROVING A BREAK UP FEE; (C) AUTHORIZING THE DEBTORS TO AMEND JOINT PLAN OF REORGANIZATION; AND (D) RESCHEDULING AND CONSOLIDATING HEARINGS ON VALUATION AND PLAN CONFIRMATION**

Hearing

Date: June 18, 2010
Time: 3:00 p.m.
Place: Courtroom "5B"
411 West Fourth Street
Santa Ana, CA 92701-4593

778914.1

Upon the Motion (the "Motion") dated June 15, 2010 of California Coastal Communities, Inc. ("CALC" or the "Company") and its direct and indirect subsidiaries (each, individually a "Debtor" and, collectively, the "Debtors" in the above captioned chapter 11 cases (collectively, the "Chapter 11 Cases")) pursuant to sections 105, 363 and 503 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order (a) authorizing the Debtors to enter into an exit financing commitment letter and to pay related fees under sections 105 and 363 of the Bankruptcy Code; (b) approving a break-up fee under section 503 of the Bankruptcy Code; (c) authorizing the debtors to file a third amended joint plan of reorganization; (d) rescheduling and consolidating hearings on valuation and plan confirmation; and (e) granting related relief (the "Order); and the Court having considered the Motion and the exhibits attached thereto, including, without limitation, the Commitment Letter (as hereinafter defined); and good, adequate and sufficient cause has been shown to justify the immediate entry of this order; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND, DETERMINED, ORDERED, ADJUDGED, AND DECREED, AS FOLLOWS:**

A. Approval of the Motion and the relief requested therein is in the best interests of the Debtors, their creditors, their estates, and other parties in interest.

B. The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief sought in the Motion pursuant to section 363(b) of the Bankruptcy Code.

C. The Debtors' agreements contained in that certain letter agreement, dated as

-2-

778914.1

of June 18, 2010, whereby Luxor[1] agreed, subject to certain terms and conditions contained therein, to commit to provide the Debtors the $184,000,000 (collectively, with all exhibits and attachments thereto, the "<u>Commitment Letter</u>") are reasonable, necessary, and appropriate under the circumstances and represents a prudent exercise of the Debtors' business judgment.

D. The Expenses (as defined in the Commitment Letter) and the indemnification provided to the Indemnified Persons (as defined in the Commitment Letter) are (i) actual and necessary costs and expenses of preserving the Debtors' estates within the meaning of section 503(b) of the Bankruptcy Code, (ii) commensurate to the real and substantial benefit conferred upon the Debtors' estates by Luxor, and (iii) necessary to induce Luxor to continue to pursue the transactions contemplated by the Commitment Letter.

E. The Debtors' agreement to pay Luxor the expenses incurred in connection with pursuing the transactions contemplated by the Commitment Letter and to provide the Expense Deposits is an essential inducement and condition relating to Luxor's entry into, and continuing obligations under, the Commitment Letter. Unless Luxor is assured that its expenses will be reimbursed in accordance with the terms of the Commitment Letter, and that the Expense Deposits will be funded, Luxor is unwilling to proceed as set forth in the Commitment Letter.

F. The Commitment Letter was negotiated, proposed, and entered into by Luxor and the Debtors without collusion, in good faith, in accordance with all applicable law, and from arm's-length bargaining positions.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Motion is GRANTED.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled on the merits.

---

[1] Defined terms used but not otherwise defined in this Order shall have the meanings ascribed to such terms in the Motion.

3.      The Debtors are authorized to enter into, and perform under, the Commitment Letter.

4.      Without limiting any other provision of this Order, the Court finds that the Break-Up Fee provided under the Commitment Letter is necessary to the preservation of the value of the estate and is approved and allowed as an administrative expense pursuant to 11 U.S.C. §§ 503(b) and 507(a) in the event that the Break-Up Fee becomes earned in accordance with the terms of the Commitment Letter and shall be payable pursuant to the terms of the Commitment Letter.

5.      The Debtors are authorized to provide Luxor with the Expense Deposits in the amount of $75,000 immediately upon entry of this Order and an additional deposit of $100,000 on July 1, 2010.

6.      Luxor is authorized, but not required, to use and apply the funds contained in the Expense Deposits for reimbursement of Expenses. Any funds in the Expense Deposits not used to reimburse Luxor for the Expenses shall be either be applied to fees due at closing of the Exit Facility or refunded to the Debtors.

7.      The Debtors are authorized to reimburse Luxor for all Expenses (as defined in the Commitment Letter) as set forth in the Commitment Letter. None of the Expenses described in the Commitment Letter shall be subject to the approval of the Court and no recipient of any such payment shall be required to file with respect thereto any interim and final fee application with the Court.

8.      The indemnification obligations contained in the Commitment Letter are hereby approved. The Debtors are authorized to indemnify each Indemnified Person in accordance with the terms of the Commitment Letter. No payment required to be made by the Debtors to any Indemnified Person under the Commitment Letter shall be subject to the approval of the Court. Without limiting any other provision of this Order, the Court finds that the indemnification of the

-4-

778914.1

1   Indemnified Persons provided under the Commitment Letter is necessary to the preservation of the

2   value of the estate and is approved and allowed as an administrative expense pursuant to 11 U.S.C.

3   §§ 503(b) and 507(a) in the event that the such indemnification obligation arises in accordance with

4   the terms of the Commitment Letter and shall be payable pursuant to the terms of the Commitment

5   Letter. No recipient of any such payment shall be required to file with respect thereto any interim

6   and final fee application with the Court.

7

8           9.       The Debtors are authorized to take all actions necessary or appropriate to

9   effectuate the relief granted pursuant to this order in accordance with the Motion and to implement

10  the Commitment Letter.

11          10.      The Debtors are hereby permitted to file a third amended joint plan that

12  implements the Exit Facility.

13          11.      The hearing on valuation issues currently scheduled for July 15, 2010 at 2:00

14  p.m. is hereby consolidated, as a holding date, with the confirmation hearing set for July 28, 2010 at

15  11:00 a.m. and all discovery deadlines are hereby suspended pending the conclusion of the

16  confirmation hearing.

17

18          12.      The terms and conditions of this Order shall be immediately effective and

19  enforceable upon entry of this Order.

20          13.      The Court retains jurisdiction with respect to all matters arising from or

21  related to the implementation of Order.

778914.1

Dated: June 18, 2010

_____
HONORABLE THEODOR C. ALBERT
UNITED STATES BANKRUPTCY JUDGE

-6-

778914.1

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled: **Order Granting Motion For Entry Of An Order (A) Authorizing The Debtors To Enter Into An Exit Financing Commitment Letter And Pay Related Fees; (B) Approving A Break Up Fee ; (C) Authorizing The Debtors To File A Third Amended Joint Plan Of Reorganization; And (D) Rescheduling And Consolidating Hearings On Valuation And Plan Confirmation** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of April 1, 2010, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Mark Bradshaw – mbradshaw@shbllp.com
Richard W. Brunette – rbrunette@sheppardmullin.com
Robert H. Garretson – rgarretson@ptwww.com
Nancy S. Goldenberg – nancy.goldenberg@usdoj.gov
Harold D. Israel – hisrael@kayescholer.com
         jben@kayescholer.com
         ssolow@kayescholer.com
Ralph L. Landy – efile@pbgc.gov
Joshua M. Mester – mesterj@hbdlawyers.com
Kirsten A. Roe – kroe@wthf.com
         dfunsch@wthf.com
Kenneth N. Russak – krussak@frandzel.com
         efiling@frandzel.com
         banderson@frandzel.com
Joel G. Samuels – jsamuels@sidley.com
United States Trustee (SA) – ustpregion16.sa.ecf@usdoj.gov
Michael A. Wallin – mwallin@sheppardmullin.com
Aluyah I Imoisili - aimoisili@milbank.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

California Coastal Communities, Inc.
6 Executive Circle, Suite 250
Irvine, CA 92614

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

778914.1