1  HENNIGAN, BENNETT & DORMAN LLP
   BRUCE BENNETT (Cal. Bar No. 105430)
2  JOSHUA M. MESTER (Cal. Bar No. 194783)
   MICHAEL C. SCHNEIDEREIT (Cal. Bar No. 234956)
3  865 South Figueroa Street, Suite 2900
   Los Angeles, California 90017
4  Telephone: (213) 694-1200
   Fax: (213) 694-1234
5
   *Reorganization Counsel for*
6  *Debtors and Debtors in Possession*

> FILED & ENTERED
>
> JUL 06 2010
>
> **CLERK U.S. BANKRUPTCY COURT**
> **Central District of California**
> **BY** ngo          **DEPUTY CLERK**

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| *In re* | Case No. 8:09-21712-TA |
| ☐ CALIFORNIA COASTAL COMMUNITIES, INC | Jointly Administered with Case Nos. 8:09-21713-TA; 8:09-21714-TA; 8:09-21715-TA; 8:09-21717-TA; 8:09-21718-TA; 8:09-21719-TA; 8:09-21720-TA; 8:09-21721-TA; 8:09-21722-TA; 8:09-21723-TA |
| ☐ SIGNAL LANDMARK HOLDINGS INC. | |
| ☐ SIGNAL LANDMARK | |
| ☐ HEARTHSIDE HOLDINGS, INC. | |
| ☐ HEARTHSIDE HOMES, INC. | |
| ☐ HHI CHANDLER, L.L.C. | |
| ☐ HHI CHINO II, L.L.C. | |
| ☐ HHI CROSBY, L.L.C. | Chapter 11 |
| ☐ HHI HELLMAN, L.L.C. | |
| ☐ HHI LANCASTER I, L.L.C. | **AMENDED ORDER (I) APPROVING ADEQUACY OF INFORMATION IN DISCLOSURE STATEMENT WITH RESPECT TO THE DEBTOR'S JOINT PLAN OF REORGANIZATION; (II) APPROVING FORM, SCOPE AND NATURE OF SOLICITATION, BALLOTING, TABULATION AND NOTICES WITH RESPECT THERETO; (III) APPROVING RELATED CONFIRMATION PROCEDURES, DEADLINES AND NOTICES; (IV) EXTENDING EXCLUSIVE SOLICITATION PERIODS; AND (V) SCHEDULING HEARING ON VALUATION ISSUES** |
| ☐ HHI SENECA, L.L.C. | |
| ☒ All Debtors. | |
| | **Disclosure Statement Hearing** |
| | Date: May 12, 2010 |
| | Time: 10:00 a.m. |
| | Place: Courtroom "5B" |
| | Valuation Hearing:    July 29, 1020 at 11:00 a.m. |

Hennigan, Bennett & Dorman llp
lawyers
los angeles, california

This matter coming before the Court on the "Motion For Order Approving (A) Adequacy Of Information In Disclosure Statement With Respect To The Debtors' Joint Plan Of Reorganization; (B) Form, Scope, And Nature Of Solicitation, Balloting, Tabulation And Notices With Respect Thereto; And (C) Related Confirmation Procedures, Deadlines, And Notices" (the "Motion"), filed by California Coastal Communities, Inc. ("CALC"), and its affiliated debtors and debtors in possession herein (collectively, the "Debtors"); the Court having reviewed the Motion, any evidence submitted in support of the Motion, and the record in this case, the objections to the Motion filed by Wilmington Trust FSB (the "Agent"), Bank of America, and Insurance Company of the West, having heard the arguments of counsel at a hearing before the Court on the Motion (the Hearing"), and the Court having granted Wilmington Trust FSB the opportunity to propose language for the Disclosure Statement as on certain issues following the hearing; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) notice of the Motion and the Hearing was sufficient and appropriate under the circumstances; (d) the relief requested in the Motion is reasonable and appropriate under the circumstances of this case; (e) the time periods, deadlines, and procedures proposed by the Debtors through the Motion and established through this Order are fair to all parties in interest and provide ample notice and give sufficient time to persons desiring to act upon the matters specified below; (f) the form and dissemination of the notices proposed by the Debtors through the Motion and approved by this Order are reasonably calculated under the circumstances to apprise all interested parties, and the respective agents and attorneys of such parties, of the applicable time periods, deadlines, and procedures established by this Order; and (g) without prejudicing other parties' rights to seek to terminate the Debtors' exclusive period to solicit acceptances of the Joint Plan (as defined below), cause exists for a further extension of such exclusive period through the hearing on the valuation of the Debtors' assets; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

**IT HEREBY IS ORDERED THAT:**

1. The Motion is GRANTED and any objections to the Motion and the proposed Disclosure Statement not otherwise resolved at the Hearing are hereby OVERRULED.

2. The "Third Amended Disclosure Statement For Third Amended Joint Plan Of Reorganization dated June 24, 2010" (as amended, the "Disclosure Statement"), filed on June 24, 2010 contains "adequate information" within the meaning of section 1125 of title 11 of the United States Code (the "Bankruptcy Code").

3. The Debtors are hereby authorized to disseminate the Disclosure Statement, the "Debtors' Third Amended Joint Plan of Reorganization dated June 24, 2010" (the "Joint Plan"), and related notices and solicitation materials as follows:

    a. The Debtors or the Balloting Agent (as hereafter defined) shall serve a solicitation package (the "Solicitation Package") consisting of (i) the Disclosure Statement (which includes a copy of the Joint Plan as Exhibit A); (ii) a notice of the hearing to consider confirmation of the Joint Plan (the "Confirmation Hearing") and of the deadlines for voting, filing objections, and submitting evidence in connection therewith, substantially in the form of the notice attached to the Motion as Exhibit B (the "Confirmation Hearing Notice"); (iv) a Summary of the Disclosure Statement (the "Summary"); (v) a letter from the Debtors in substantially the form of the letter attached to the Motion as Exhibit C (the "Confirmation Letter"); and (vi) if the intended recipient is a Holder of one or more claims or interests in a class that is entitled to vote on the Joint Plan, one or more ballots in the form for such class(es) attached to the Motion as Exhibit D; on each of the following entities (the "Solicitation Package Parties"):

        i. Each holder of a claim or interest: (A) classified in one of the following classes under the Joint Plan, each of which is entitled to vote to accept or reject the Joint Plan (collectively, the "Voting Classes"): A-1, A-2, A-5, B-1, B-2, B-5, C-1, C-2, C-5, D-1, D-2, D-5, E-1, E-2, E-5, F-1, F-2, F-3, F-6, G-1 and G-2 and (B) that is (x) the subject of a proof of claim or interest filed in this case in an amount greater than $0 and is not the subject of a filed objection, or (y) has been scheduled in an amount greater than $0 in the Debtors' "Schedules of Assets and

3

Liabilities" (as amended, the "Schedules"), other than a claim or interest that is listed on the Schedules as unliquidated, disputed, or contingent;

    ii.    All parties who have requested special notice in this case (the "Special Notice Parties") and the governmental entities enumerated in Bankruptcy Rule 2002(j);

    iii.    Parties to executory contracts or unexpired leases with the Debtors that have not previously been assumed a Debtor by order of the Court; and

    iv.    The Office of the United States Trustee.

b.    The Debtors or the Balloting Agent shall serve a notice of non-voting status (the "Notice of Non-Voting Status") that (a) notifies the holder that its claim or interest is unimpaired or otherwise not entitled to vote; (b) sets forth the manner in which a copy of the Joint Plan and Disclosure Statement may be obtained; (c) provides notice of the Confirmation Hearing and the time fixed for filing objections to confirmation of the Joint Plan should also provide notice of the deadline to request temporary allowance for voting purposes – use the same date as the confirmation objection deadline (without including a copy of the Disclosure Statement, the Joint Plan, or a ballot), substantially in the form attached to the Motion as Exhibit E, to the following (collectively, the "Non-Voting Parties"):

    i.    Holders of Administrative Claims; Priority Tax Claims; or claims or interests in the following classes: A-3, A-4, A-6, A-7, B-3, B-4, B-6, B-7, C-3, C-4, C-6, C-7, D-3, D-4, D-6, D-7, E-3, E-4, E-6, E-7, F-4, F-5, F-7, F-8, and G-3, all of which are unimpaired under the Joint Plan.

    ii.    Holders of claims or interests that do not receive or retain any property on account of their claims or interests under the Joint Plan, including holders of claims or interests in the following classes: G-4, G-5, G-6, G-7 under the Joint Plan; and

    iii.    Holders of claims or interests classified in the Voting Classes who are not entitled to receive the Solicitation Package because such claim or interest (x) is

4

1  the subject of a proof of claim or interest that is the subject of a filed objection, or (y)

2  has been scheduled as unliquidated, disputed, or contingent in the Schedules.

3  c.    The Debtors shall cause an abbreviated notice of the Confirmation Hearing
4  and of the deadlines for voting, filing objections, and submitting evidence in connection
5  therewith, in substantially the form of the proposed notice attached to the Motion as Exhibit
6  F (the "Publication Notice"), to be published once in each of the *Orange County Register*
7  and the *Wall Street Journal* (national edition) at the expense of the bankruptcy estate.

8  d.    Prior to distribution of the materials described in paragraphs 3(a) and 3(b) of
9  this Order, the Debtors shall be permitted to complete the materials by supplying any
10  missing dates and/or times and other procedural information, to correct any typographical or
11  other manifest errors and make such other non-material and non-substantive changes that the
12  Debtors deem necessary or appropriate.

13  e.    The Solicitation Packages may be distributed in the form of either a CD-ROM
14  or paper copies, provided however, that the Ballots and a pre-addressed, postage-paid return
15  envelope for Ballots shall be served in hard copy.

16  f.    If a Person has changed its mailing address after the Petition Date, the burden
17  shall be on such Person, not the Debtors, to advise the Balloting Agent of the new address.
18  The Debtors shall have no obligation:  (a) to provide additional notice or service of papers
19  upon any Person to whom the Debtors mailed the Disclosure Statement Hearing Notice or
20  any other notices or materials approved for distribution pursuant to this Order in the event
21  any such materials are returned by the USPS or other carrier marked "undeliverable as
22  addressed," "moved, left no forwarding address," "forwarding order expired," or any similar
23  reason, unless except if such Person has informed the Debtors or the Balloting Agent in
24  writing of such Person's new or changed address, or the Debtors or the Balloting Agent
25  thereafter acquire actual knowledge, formed after a reasonable search of their records for any
26  new, changed or alternative address(es) for such Person.

27
28

4.     The Debtors are authorized to employ the following procedures for transmitting Notices of Non-Voting Status to holders of common stock in CALC, and Institutional Nominees (as defined below) are hereby ordered to comply with same:

    a.     The Debtors or the Balloting Agent shall:

        i.     Obtain a list of the registered holders of the common stock of CALC as of the Record Date established pursuant to Paragraph 8, below, including the brokers, banks and financial institutions (collectively, the "<u>Institutional Nominees</u>") that hold common stock of CALC in "street name" for the benefit of the beneficial owners of such securities;

        ii.    Send a Notice of Non-Voting Status directly to those registered holders who appear to be the beneficial owners of such securities; and

        iii.   Contact each of the Institutional Nominees to determine the aggregate number of beneficial owners who are represented by such institutions, deliver to each Institutional Nominee a number of Notices of Non-Voting Status that is sufficient to enable such Institutional Nominee to deliver a Notice of Non-Voting Status to each applicable beneficial owner, and instruct the Institutional Nominees to make such deliveries promptly.

    b.     The Institutional Nominees shall distribute Notices of Non-Voting Status to beneficial owners of common stock of CALC within seven (7) business days of receipt of such notice.

    c.     The Debtors shall serve a copy of this Order on each Institutional Nominee identified by the Debtors as an entity through which beneficial holders hold common stock of CALC.

    d.     The Debtors shall have the authority (i) to reimburse its agent(s) and the Institutional Nominees for their actual, necessary and reasonable expenses incurred in performing the above-noted services and (ii) to pay its agent a reasonable fee; provided, however, that the Debtors shall not pay any fees, commissions, or other remuneration to the Institutional Nominees for such services.

5. The form of all materials to be included in the Solicitation Packages (including, without limitation, the Ballots, the Confirmation Hearing Notice, the Summary, and the Confirmation Letter) and in the Notices of Non-Voting Status, and the form of the Publication Notice, are all hereby approved. The Debtors are authorized to transmit and publish such information in accordance with the procedures set forth above.

6. The Debtors are authorized to use a Ballot substantially in the form of the proposed Ballot attached to the Motion as Exhibit D (the "Ballot") for voting by holders of claims and/or interests that are entitled to vote on the Joint Plan. Holders of claims and/or interests in the Non-Voting Classes are not entitled to vote.

7. The Debtors and the Balloting Agent are authorized to employ the following procedures for balloting and for the tabulation of Ballots with respect to the Joint Plan (and not for any other purpose):

    a. The amount of a claim against a Debtor for the purposes of Ballot tabulation shall be the following (regardless of whether the claim amount indicated on a particular Ballot differs from the amounts determined as set forth below):

        i. The claim's allowed amount, if the claim has been allowed pursuant to Court order;

        ii. The claim amount settled and/or agreed upon by the Debtors prior to the Record Date, as reflected in a court pleading, stipulation, term sheet, agreement, or other document filed with and approved by the Court, in an order entered by the Court, or in a document executed by the Debtors pursuant to authority granted by the Court, regardless of whether a proof of claim has been filed;

        iii. For a claim listed in the Schedules that is not shown as contingent, unliquidated, or disputed, and for which no proof of claim has been filed, the claim amount as identified in the Schedules (the "Scheduled Amount"); and

        iv. For a claim that is the subject of a proof of claim that is filed in a liquidated amount and that is not the subject of an objection filed before the Confirmation Hearing or an order disallowing such claim entered prior to the

7

Confirmation Hearing, (aa) the specified liquidated amount in such proof of claim, or (bb) if an amount has been allowed temporarily for voting purposes after notice and a hearing on a motion for temporary allowance (a "<u>Motion for Temporary Allowance</u>") pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), the amount in which such claim is temporarily allowed.

v.     In the absence of any of the foregoing, at zero.

b.     If an entity submits a Ballot for a claim against a Debtor (i) for which there is no timely proof of claim filed and for which there is no corresponding Scheduled Amount, (ii) which is the subject of an unresolved objection filed prior to the Confirmation Hearing, such Ballot shall not be counted unless otherwise ordered by the Court, or (iii) to which the Debtors have not previously stipulated or agreed to an allowed amount.

c.     Any Ballot cast by an entity that has filed a proof of claim (i) that is contingent or in an unliquidated, unknown, or unstated amount, (ii) that has not previously been disallowed and is not the subject of an objection filed before the Confirmation Hearing, and (iii) for which there is no corresponding Scheduled Amount, shall, with respect to such proof of claim, be counted as a single vote toward satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code for the relevant class of claims under the Joint Plan but shall not be counted toward satisfying the aggregate amount requirement of that provision.

d.     Creditors and/or interest holders that have claims and/or interests against and/or in a particular Debtor in more than one class under the Joint Plan must submit a separate Ballot for voting their claims and/or interests in each such class.  Any creditor or interest holder that requires additional copies of a Ballot either may photocopy the original Ballot or obtain an additional Ballot pursuant to the instructions set forth in the Confirmation Hearing Notice and the proposed Ballots.  If a creditor or interest holder uses one Ballot to vote its claims against or interests in more than one class, such combined Ballot shall not be counted unless otherwise ordered by the Court.

e. With respect to each Debtor against which a creditor and/or interest holder holds a claim and/or an interest, each such creditor and/or interest holder must vote all of its claim(s) or interest(s) that are classified within a particular class under the Joint Plan in the same manner. A creditor and/or interest holder may not split its vote with respect to a particular class for a particular Debtor, and any Ballot (or multiple Ballots with respect to multiple claims or interests within a single class) that partially rejects and partially accepts the Joint Plan, or that indicates both a vote for and against the Joint Plan, shall not be counted unless otherwise ordered by the Court.

f. If an entity casts more than one eligible Ballot with respect to the same claim against a particular Debtor before the Voting Deadline, as established below, the last valid Ballot received prior to that deadline shall supersede any prior Ballot(s) by such entity with respect to such claim unless otherwise ordered by the Court.

g. The Debtors and the Balloting Agent shall be entitled to rely, without further investigation, on the authority of the signatory of each Ballot to complete and execute the Ballot. Unless otherwise ordered by the Court, any Ballot that is not signed shall not be counted. Ballots may be delivered by facsimile to 213-694-1234 or by e-mail to CALCbkcase@hbdlawyers.com.

h. The following entity (the "Balloting Agent") shall tabulate Ballots on the Joint Plan and prepare the appropriate report (the "Voting Report"), in accordance with sections 1126(c) and (d) and Local Rule 3018-1, with respect thereto:

> Hennigan, Bennett & Dorman LLP
> Attention: Mr. Kevin Floyd
> 865 S. Figueroa St., Suite 2900
> Los Angeles, CA 90017

i. Creditors and interest holders may not rely on the absence of an objection to their proofs of claim or interest in determining whether to vote to accept or reject the Joint Plan or as any indication that the Debtors ultimately will not object to the amount, priority, security, or allowability of such claims and interests.

9

  j. The Debtors' right to seek a determination from the Court that one or more of the classes of claims designated under the Joint Plan are unimpaired, notwithstanding their identification as impaired in the Joint Plan, the Disclosure Statement, the Motion, or this Order, and that such class(es) therefore are deemed to have accepted the Joint Plan without regard to how the class(es) actually voted with respect to the Joint Plan, is reserved.

  k. Aside from disclosing in the Voting Report any defects or irregularities in any Ballots, neither the Debtors nor any other person will be under any duty to provide notification of defects or irregularities, nor will any of them incur any liability for failure to provide such notification.

8. The following dates and procedures with respect to the Joint Plan hereby are established:

  a. May 12, 2010, at 5:00 p.m. prevailing Pacific Time (the "Record Date") shall be the date on which the identity of claim and/or interest holders shall be determined for the purpose of establishing an entitlement to (i) receive Solicitation Packages or other materials in accordance with the procedures set forth in this Order, and (ii) vote on the Joint Plan.

  b. July 23, 2010, at 5:00 p.m. prevailing Pacific Time (the "Voting Deadline"), shall be the deadline by which Ballots to accept or reject the Joint Plan must be received from eligible creditors and interest holders. Unless otherwise specifically ordered by the Court with respect to a specific Ballot, all Ballots must be completed, signed, returned to and actually received by the Balloting Agent at the address set forth above on or before the Voting Deadline in order to be counted.

  c. July 23, 2010 at 5:00 p.m. prevailing Pacific Time shall be the deadline for holders of secured claims to make an election under section 1111(b) of the Bankruptcy Code.

  d. July 19, 2010 shall be the last date (x) to file and serve a Motion for Temporary Allowance; and (y) to file and serve any objections to confirmation of the Joint Plan (the "Objection Deadline"), in each instance, in accordance with the Federal Rules of Bankruptcy Procedure (the "FRBP") and the Local Rules of the Court (the "Local Rules"). Any objection to confirmation of the Joint Plan must be served such that it is received by the

following persons by no later than 5:00p.m. prevailing Pacific Time on the Objection Deadline:

| Counsel to the Debtors: | United States Trustee |
|---|---|
| Hennigan, Bennett & Dorman, LLP<br>Attn: Joshua M. Mester<br>865 South Figueroa Street<br>Suite 2900<br>Los Angeles, CA 90017 | Office of the United States Trustee<br>Attn: Nancy Goldenberg<br>411 West Fourth Street, Suite 9041<br>Santa Ana, CA 92701 |

Counsel to the Agent
Milbank, Tweed, Hadley & McCloy LLP
Attn: Robert J. Moore
601 S. Figueroa Street
30th floor
Los Angeles, CA 90017

  e. July 19, 2010 shall be the last date for the Debtors to file and serve on counsel to the Agent and the Special Notice Parties a brief in support of confirmation of the Joint Plan. Such brief shall be filed and served in accordance with the FRBP and the Local Rules and must be served such that it is received by the Agent and the Special Notice Parties by no later than 5:00p.m. prevailing Pacific Time.

  f. Any direct testimony in support of confirmation of the Joint Plan or in support of objections to confirmation of the Joint Plan (except direct testimony of hostile witnesses or of any third party witnesses unwilling to provide a declaration) shall be offered through declarations made under penalty of perjury. Such declarations shall be filed with the Court and served on other parties such that they are received by such parties by no later than 5:00 p.m. prevailing Pacific Time on July 19, 2010. Any party that objects to evidence offered in the declaration or that seeks to cross-examine the declarant shall file such objections and/or notice of intent to cross-examine the declarant no later than 5:00 p.m. prevailing Pacific Time on July 26, 2010. In the event of a timely request for cross-examination, the declarant shall be made available at the Confirmation Hearing. The testimony of hostile witnesses or of third party witnesses unwilling to provide a declaration may be compelled in the manner prescribed under the Bankruptcy Rules.

11

   g. The parties shall exchange exhibit lists no later than 5:00 p.m. prevailing Pacific Time on July 19, 2010. Any objections to the admissibility or scope of use of exhibits shall be filed and served no later than 5:00 p.m. prevailing Pacific Time on July 26, 2010.

   h. July 26, 2010 at 5:00 p.m. prevailing Pacific Time shall be the deadline (w) for parties to file and serve any objections to any Motion for Temporary Allowance; (x) for the debtor to file and serve on the objecting party any brief in response to an objection to confirmation of the Joint Plan; (y) for parties seeking to object to confirmation of the Joint Plan to file and serve written responses to the Debtors' brief in support of confirmation of the Joint Plan; and (z) for the Balloting Agent to file a written tabulation of the ballots cast to accept or reject the Joint Plan.

   i. July 28, 2010, at 11:00 a.m., prevailing Pacific Time shall be the date and time for the Confirmation Hearing.

  9. This Order shall be without prejudice to the any party in interest's right to request additional rules, guidelines, and deadlines with respect to balloting and solicitation of votes on the Joint Plan or to any party in interest's right to object to such request.

  10. <u>Valuation Hearing</u>. The Court shall schedule, as a holding date only, a hearing on July 28, 2010 at 11:00 a.m. prevailing Pacific Time to determine the value of the Debtors' assets bearing on confirmation of the Joint Plan, including without limitation, the Agent's collateral and the assets that the Debtors have proposed in the Joint Plan to serve as collateral for the Restated Senior Secured Term Loans and Restated Junior Secured Term Loans proposed under the Joint Plan.

11.     <u>Extension of Exclusivity</u>.  The time in which the Debtors maintain the exclusive right to solicit acceptances on a plan or reorganization pursuant to section 1121(c)(3) of the Bankruptcy Code is hereby extended from July 7, 2010 through July 15, 2010, and may be further extended or shortened by order of the Court.

###

DATED: July 6, 2010

*Theodor C. Albert*
United States Bankruptcy Judge

| | |
|---|---|
| In re:<br><br>☐ CALIFORNIA COASTAL COMMUNITIES, INC<br>☐ SIGNAL LANDMARK HOLDINGS INC.<br>☐ SIGNAL LANDMARK<br>☐ HEARTHSIDE HOLDINGS, INC.<br>☐ HEARTHSIDE HOMES, INC.<br>☐ HHI CHANDLER, L.L.C.<br>☐ HHI CHINO II, L.L.C.<br>☐ HHI CROSBY, L.L.C.<br>☐ HHI HELLMAN, L.L.C.<br>☐ HHI LANCASTER I, L.L.C.<br>☐ HHI SENECA, L.L.C.<br><br>☒ All Debtors. | CHAPTER: 11<br><br>CASE NUMBER: 8:09-21712-TA |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Hennigan, Bennett & Dorman LLP
865 S. Figueroa Street, Suite 2900
Los Angeles, CA 90017

A true and correct copy of the foregoing document described [Proposed] Amended Order (I) Approving Adequacy of Information in Disclosure Statement with Respect to the Debtor's Joint Plan of Reorganization; (II) Approving Form, Scope and Nature of Solicitation, Balloting, Tabulation and Notices with Respect Thereto; (III) Approving Related Confirmation Procedures, Deadlines and Notices; (IV) Extending Exclusive Solicitation Periods; and (V) Scheduling Hearing on Valuation Issues will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**

**III. SERVED BY EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>June 25, 2010</u> the following person was served by email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

David Zolkin
Milbank, Tweed, Hadley & McCloy.LLP
Email: dzolkin@milbank.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 25, 2010 | Kevin Floyd | */s/ Kevin Floyd* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                                    **F 9013-3.1**

| | |
|---|---|
| In re:<br><br>☐ CALIFORNIA COASTAL COMMUNITIES, INC<br>☐ SIGNAL LANDMARK HOLDINGS INC.<br>☐ SIGNAL LANDMARK<br>☐ HEARTHSIDE HOLDINGS, INC.<br>☐ HEARTHSIDE HOMES, INC.<br>☐ HHI CHANDLER, L.L.C.<br>☐ HHI CHINO II, L.L.C.<br>☐ HHI CROSBY, L.L.C.<br>☐ HHI HELLMAN, L.L.C.<br>☐ HHI LANCASTER I, L.L.C.<br>☐ HHI SENECA, L.L.C.<br><br>☒ All Debtors. | CHAPTER: 11<br><br>CASE NUMBER: 8:09-21712-TA |

**NOTE TO USERS OF THIS FORM**:
**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)** **Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4)** **Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER (I) APPROVING ADEQUACY OF INFORMATION IN DISCLOSURE STATEMENT WITH RESPECT TO THE DEBTOR'S JOINT PLAN OF REORGANIZATION; (II) APPROVING FORM, SCOPE AND NATURE OF SOLICITATION, BALLOTING, TABULATION AND NOTICES WITH RESPECT THERETO; (III) APPROVING RELATED CONFIRMATION PROCEDURES, DEADLINES AND NOTICES; (IV) EXTENDING EXCLUSIVE SOLICITATION PERIODS; AND (V) SCHEDULING HEARING ON VALUATION ISSUES** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of June 25, 2010, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Mark Bradshaw – mbradshaw@shbllp.com
Richard W. Brunette – rbrunette@sheppardmullin.com
Robert H. Garretson – rgarretson@ptwww.com
Nancy S. Goldenberg – nancy.goldenberg@usdoj.gov
Aluyah I Imoisili - aimoisili@milbank.com
Harold D. Israel – hisrael@kayescholer.com
          jben@kayescholer.com
          ssolow@kayescholer.com
Ralph L. Landy – efile@pbgc.gov
Joshua M. Mester – mesterj@hbdlawyers.com
Kirsten A. Roe – kroe@wthf.com
          dfunsch@wthf.com
Kenneth N. Russak – krussak@frandzel.com
          efiling@frandzel.com
          banderson@frandzel.com
Joel G. Samuels – jsamuels@sidley.com
United States Trustee (SA) – ustpregion16.sa.ecf@usdoj.gov
Delilah Vinzon - dvinzon@milbank.com
Michael A. Wallin – mwallin@sheppardmullin.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                **F 9021-1.1**

☐ Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

California Coastal Communities, Inc.
6 Executive Circle, Suite 250
Irvine, CA 92614

☐ Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                                                              **F 9021-1.1**