HENNIGAN, BENNETT & DORMAN LLP
BRUCE BENNETT (Cal. Bar No. 105430)
JOSHUA M. MESTER (Cal. Bar No. 194783)
MICHAEL C. SCHNEIDEREIT (Cal. Bar No. 234956)
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Fax: (213) 694-1234

*Reorganization Counsel for
Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION**

| | |
|---|---|
| *In re* <br> ☐ CALIFORNIA COASTAL COMMUNITIES, INC <br> ☐ SIGNAL LANDMARK HOLDINGS INC. <br> ☐ SIGNAL LANDMARK <br> ☐ HEARTHSIDE HOLDINGS, INC. <br> ☐ HEARTHSIDE HOMES, INC. <br> ☐ HHI CHANDLER, L.L.C. <br> ☐ HHI CHINO II, L.L.C. <br> ☐ HHI CROSBY, L.L.C. <br> ☐ HHI HELLMAN, L.L.C. <br> ☐ HHI LANCASTER I, L.L.C. <br> ☐ HHI SENECA, L.L.C. <br> ☒ All Debtors <br><br> Debtor. | Case No. 8:09-21712-TA <br><br> Jointly Administered with Case Nos. 8:09-21713-TA; 8:09-21714-TA; 8:09-21715-TA; 8:09-21717-TA; 8:09-21718-TA; 8:09-21719-TA; 8:09-21720-TA; 8:09-21721-TA; 8:09-21722-TA; 8:09-21723-TA <br><br> Chapter 11 <br><br> **NOTICE OF MOTION AND MOTION TO APPROVE STIPULATION EXTENDING DEADLINE UNDER SECTION 365(d)(4) OF THE BANKRUPTCY CODE TO ASSUME OR REJECT UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY WITH BRIGHTWATER MODELS, LLC** <br><br> **No Hearing Required** |

775797.2

**TO THE HONORABLE THEODOR C. ALBERT AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE THAT** California Coastal Communities, Inc. ("CALC"), and its affiliated debtors and debtors in possession herein (collectively, the "Debtors"), hereby move to this Court for the entry of an order, in substantially the form of the proposed Order attached hereto as Exhibit A, approving the Stipulation Between The Debtors And Brightwater Models, LLC To Extend Deadline Under Section 365(d)(4) Of The Bankruptcy Code To Assume Or Reject Unexpired Leases Of Nonresidential Real Property Until The Confirmation Hearing Date (the "Stipulation") attached hereto as Exhibit B, that provides for extending the deadline for the Debtors to assume or reject unexpired leases of nonresidential real property July 28, 2010 and approving the releases of certain claims.

**PLEASE TAKE FURTHER NOTICE THAT, pursuant to Local Bankruptcy Rule 9013- 1(o)(1), any response to or request for a hearing on the relief requested in this Motion must be in the form required by Local Bankruptcy Rule 9013-1(f)(1) and filed with the Bankruptcy Court and served upon Hennigan, Bennett and Dorman LLP, as reorganization counsel for the Debtors, at the address set forth in the caption to this Motion, the Office of the United States Trustee for the Central District of California, at 411 West Fourth St. Suite 9041, Santa Ana, CA 92701, and those parties requesting special notice, no later than fourteen (14) days from the date of service of this Motion. If there is no timely objection or timely request for hearing on the requested relief, the Court may enter an order granting such relief without further notice or hearing.**

In support of this Motion, the Debtors submit the accompanying Declaration Of Raymond J. Pacini (the "Pacini Declaration") and respectfully represent as follows:

## JURISDICTION

This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

1. On October 27, 2009 (the "Petition Date"), the Debtors commenced their reorganization cases by filing voluntary petitions under chapter 11 of the Bankruptcy Code.

775797.2

2

2.	The Debtors are continuing in possession of their assets and are operating and managing their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.	Debtor California Coastal Communities, Inc. ("CALC"), a publicly traded company on the NASDAQ (ticker: CALC), and its subsidiaries are in the business of residential land development and homebuilding with properties owned or controlled in various counties in Southern California. The Debtors' principal activities are: (1) obtaining zoning and other entitlements for land that they own; (2) improving the land for residential development; and (3) designing, constructing, and selling single-family homes on that land. Debtor Hearthside Homes, Inc. is the homebuilder for the Debtors' projects, and performs construction and marketing efforts. Since 1994, the Debtors have delivered over 2,200 homes to families in Southern California.

4.	Currently, the Debtors' largest project is "Brightwater," a 356 unit master planned community located on 105 acres of the Bolsa Chica mesa in the City of Huntington Beach in Orange County, California, approximately 35 miles south of downtown Los Angeles. Brightwater offers a broad mix of four different neighborhoods (the Trails, the Sands, the Cliffs, and the Breakers) with home choices ranging from 1,710 to 4,339 square feet and overlooks the Pacific Ocean and the recently restored 1,300-acre Bolsa Chica Wetlands. The Brightwater project is one of the last remaining ocean-front developments in Southern California. As of the Petition Date, the Debtors had delivered 53 homes in Brightwater to individual home buyers and 17 model homes to an investor.

5.	The Debtors also have one other project – Debtor Signal Landmark, Inc. owns The Ridge, located near Brightwater, which is in the beginning stages of development, with no construction having been commenced. Debtor HHI Lancaster I, LLC ("HHI Lancaster") owns 73 unimproved lots in Lancaster, California. On December 29, 2009, HHI Lancaster closed the sale of 54 improved lots at Quartz Hill in Lancaster, California, to Richmond American Homes of Maryland, Inc.

6.	Debtor Signal Landmark is the lessee under a lease with Brightwater Models LLC (the "Lessor"), dated December 31, 2008, to lease 17 model homes at the Brightwater project (the

"Model Home Lease"). The Debtors have been performing their obligations under the Model Home Lease that have arisen after the Petition Date.

7. The Debtors have reached an agreement with the Lessor on a further extension of the deadline to assume or reject the Model Home Lease that would extend the deadline to July 28, 2010, the currently scheduled date for the Court to consider confirmation of the Debtors' pending plan of reorganization. That agreement is embodied in the stipulation attached hereto as Exhibit B (the "Stipulation"). In exchange for the Lessor's consent to the extension the Stipulation, the Debtors have agreed to waive any claims against the Lessor that the Model Home Lease could be recharacterized from a true lease into a financing. The waivers and releases of the claims are included in paragraphs 2 and 3 of the Stipulation.

8. The Debtors have scheduled the Model Home Lease as a lease in their schedules of assets and liabilities. The Debtors' plan proposes to assume the Model Home Lease as a true lease. The Debtors have no intentions of bring or asserting claims that the Model Home Lease is not a true lease. Accordingly, the Debtors believe that the Stipulation is in the best interests of the estates and should be approved.

## MEMORANDUM OF POINTS AND AUTHORITIES

9. By this Motion, the Debtors request that this Court approve the Stipulation and grant the Debtors an extension to July 28, 2010, under section 365(d)(4) of the Bankruptcy Code to assume or reject the Leases.

10. Section 365(d)(4)(A) provides:

> Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of --
> (i) the date that is 120 days after the date of the order for relief; or
> (ii) the date of the entry of an order confirming a plan.

11. Section 365(d)(4)(B)(i) provides that "[t]he Court may extend the period determined under subparagraph A, prior to expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause." Section 365(d)(4)(B)(ii) further provides that to the extent that the

4

775797.2

1  court has granted an initial extension, the court may grant a further extension with the prior written

2  consent of the lessor.  11 U.S.C. § 365(d)(4)(B)(ii).

3  12.    As set forth in the Stipulation, the Lessor has agreed to extend the deadline to assume

4  or reject the Model Home Lease through July 28, 2010.  A condition to the Lessor's consent is the

5  waiver of any claims of the estate that the Model Home Lease could be recharacterized from a true

6  lease into a financing.  The Debtors believe that the waiver requested by the Lessor is fair and

7  reasonable under the circumstances as the Debtors do not intend to assert any recharacterization

8  claims against the Lessor and their plan proposes to assume the Model Home Lease as a true lease.

9  13.    In determining whether "cause" exists to extend the deadline under section 365(d)(4),

10 the Bankruptcy Appellate Panel for the Ninth Circuit has adopted the analysis originally presented in

11 *In re Wedtech Corp.*, 72 B.R. 464, 471-73 (Bankr. S.D.N.Y. 1987).  In *Ernst Home Center*, the

12 Bankruptcy Appellate Panel held:

> [S]ince "cause" is not defined, courts generally look to the following factors for guidance: (1) whether the lease is the primary asset of the debtor; (2) whether the lessor has a reversionary interest in the building built by the debtor on the landlord's land; (3) whether the debtor has had time to intelligently appraise its financial situation and the potential value of its assets in terms of the formulation of a plan; (4) whether the lessor continues to receive the rent required in the lease; (5) whether the lessor will be damaged beyond the compensation available under the Code due to the debtor's continued occupation; (6) whether the case is exceptionally complex and involves a large number of leases; (7) whether the need exists for a judicial determination of whether the lease is disguised as a security interest; (8) whether the debtor has failed or is unable to formulate a plan when it has had more than enough time to do so; and (9) any other factors bearing on whether the debtor has had a reasonable amount of time in which to decide whether to assume or reject the lease.

*BC Brickyard Associates, Ltd. v. Ernst Home Center, Inc. (In re Ernst Home Center, Inc.)*, 221 B.R. 243, 253 (9th Cir. BAP 1997), *citing In re Victoria Station Inc.*, 88 B.R. 231, 236 n.7 (9th Cir. BAP 1988), *aff'd*, 875 F.2d 1380 (9th Cir. 1989) (superseded by statute on other grounds as stated in *In re Jim Palmer Equip., Inc.*, 2008 Bankr. LEXIS 4096 *12-*13 (Bankr. D. Mont. Nov. 25, 2008)).  As explained below, the Debtors respectfully submit that these factors support a finding of cause to grant the extension requested herein.

5

775797.2

14. The Model Home Lease provides the Debtors with the use of model homes to market the sale of homes at the Brightwater project, which is the primary function of the Debtors' business. With respect to the third factor, cause exists for the Court to grant the requested extension because the Debtors are close to confirming a plan of reorganization that will provide for the assumption of the Model Home Lease and allow the Debtors to emerge from chapter 11. Given the proximity to the confirmation hearing, it would be premature for the Debtors to make decisions regarding the assumption or rejection of unexpired leases.

15. With respect to the fourth and fifth factors, the Debtors have been timely paying the rents due under the Model Home Lease and expect to remain current on all undisputed postpetition rents. The Debtors also expect to maintain sufficient liquidity and access to cash to ensure the continuation of future rental payments. As such, the requested extension will not prejudice the Lessor. With respect to the seventh factor, the Debtors have conceded and agreed to waive any claims that the Model Home Lease is a disguised financing rather than a true lease.

16. Finally, with respect to the eighth and ninth factors, as stated above, the Debtors have proposed a plan that provides for the repayment of the full allowed amount of the Debtors' prepetition secured lenders' claims, the payment in full over time of unsecured creditors, and the preservation of equity holders' interests in the Debtors. The extension requested herein is only requested to allow the Debtors to proceed to confirmation of their plan and the corresponding assumption of the Model Home Lease.

## **NOTICE**

17. Concurrently with the filing of this Motion, the Debtors have served copies of the Motion by first class mail on: (a) the Debtors; (b) the Office of the United States Trustee for the Central District of California; (c) the creditors identified on the list of creditors holding the twenty-five (25) largest unsecured claims against the Debtors on a consolidated basis; (d) counsel to Wilmington Trust FSB, the agent for the Debtors' prepetition revolver and term secured lenders; (e) all parties having filed a request for special notice pursuant to Bankruptcy Rule 2002(i); and (f) counsel to Brightwater Homes, LLC.

18. The Debtors submit that such notice is reasonable and sufficient under the circumstances and that no other or further notice need be given.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court enter and order, substantially in the form of the proposed order attached hereto as Exhibit A, approving the Stipulation and extending the deadline for the Debtors to assume or reject the Model Home Lease through and including July 28, 2010 and granting such other and further relief as the court may deem just and proper.

DATED: July 7, 2010

HENNIGAN, BENNETT & DORMAN LLP
865 South Figueroa Street, Suite 2900
LOS ANGELES, CA 90017

By: /s/ Joshua M. Mester
    Bruce Bennett
    Joshua M. Mester
    Michael C. Schneidereit

*Reorganization Counsel for the Debtors and Debtors in Possession*

775797.2

7