CRAIG H. MILLET, SBN 106027
cmillet@gibsondunn.com
DAVID M. FELDMAN, *PRO HAC VICE* ADMISSION PENDING
dfeldman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

Attorneys for Luxor Capital Group, LP by the Firm

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>☐ CALIFORNIA COASTAL COMMUNITIES, INC.<br>☐ SIGNAL LANDMARK HOLDINGS INC.<br>☐ SIGNAL LANDMARK<br>☐ HEARTHSIDE HOLDINGS, INC.<br>☐ HEARTHSIDE HOMES, INC.<br>☐ HHI CHANDLER, L.L.C.<br>☐ HHI CHINO II, L.L.C.<br>☐ HHI CROSBY, L.L.C.<br>☐ HHI HELLMAN, L.L.C.<br>☐ HHI LANCASTER I, L.L.C.<br>☐ HHI SENECA, L.L.C.<br><br>☒ All Debtors<br><br>Debtors. | Case No. 8:09-21712-TA<br><br>Jointly Administered with Case Nos.<br>8:09-21713-TA; 8:09-21714-TA<br>8:09-21715-TA; 8:09-21717-TA;<br>8:09-21718-TA; 8:09-21719-TA;<br>8:09-21720-TA; 8:09-21721-TA;<br>8:09-21722-TA;8:09-21723-TA<br><br><u>Chapter 11 Proceeding</u><br><br>**LUXOR CAPITAL GROUP LP'S RESPONSE TO WILMINGTON TRUST FSB'S EX PARTE APPLICATION FOR AN ORDER SETTING HEARING ON SHORTENED NOTICE ON MOTION OF WILMINGTON TRUST FSB TO (I) RECONSIDER ORDER APPROVING LUXOR EXIT FACILITY COMMITMENT, OR (II) IN THE ALTERNATIVE, TO CLARIFY UNAVAILABILITY OF BREAK UP FEE IN LIGHT OF NEW CONDITION TO CLOSE ON EXIT FACILITY COMMITMENT**<br><br>Hearing<br>Date:  TBD<br>Time:  TBD<br>Place:  Courtroom 5B<br>411 West Fourth Street<br>Santa Ana, CA 92701-4593 |

Luxor Capital Group, LP ("**Luxor**") submits this response to the *ex parte* application (the "***Ex Parte Application***") submitted by Wilmington Trust FSB (the "**Agent**") for an order setting a hearing on shortened notice in with respect to the Agent's motion (the "**Reconsideration Motion**") (i) to reconsider the order (the "**Exit Facility Order**") authorizing the above-captioned debtors (collectively, the "**Debtors**") to enter into a commitment letter (the "**Commitment Letter**") pursuant to which Luxor will provide $184 million in Exit Facility (the "**Exit Facility**") or (ii) in the alternative, to clarify the unavailability of the break-up fee approved in connection with the Commitment Letter (the "**Break-Up Fee**"). In support thereof, Luxor respectfully represents:

The Agent argues that the Debtors have agreed to a new condition to Luxor's commitment to provide the Exit Facility and that this addition requires the Court's immediate attention. In fact, however, the Agent cannot demonstrate that there is an issue ripe enough to merit the Court's consideration, let alone on an expedited basis. Accordingly, the Ex Parte Application should be denied, and the Court should hear the Reconsideration Motion only when (and if) the concerns expressed therein rise to the level of a case or controversy sufficient for the Court to consider it.

Luxor respectfully disagrees with the Agent's contention that the Debtors agreement to raise Junior Capital[1] is a material change to Luxor's financing commitment. The Exit Facility Order authorized the Debtors to proceed on the basis of term sheets outlining the basic economics of the Exit Facility. Thus, by its very nature, the commitment does not address every issue associated with the Exit Facility, which is exactly why the commitment is subject to, among other things, definitive documentation and a chapter 11 plan acceptable to Luxor. Definitive documentation and the chapter 11 plan must, by definition, address issues related to plan feasibility and the long-term prospects of the Debtors after emergence from chapter 11.

In any event, whether the Junior Capital requirement is a new condition to the Commitment Letter or not is a red herring: the issue before the Court is whether there is cause sufficient to justify shortening notice to hear the Reconsideration Motion. Furthermore, as set forth in the Commitment

---

[1] This term shall have the meaning ascribed to it in the *Fifth Amended Disclosure Statement for Fifth Amended Joint Plan of Reorganization Dated July 28, 2010* (Docket No. 390).

Gibson, Dunn & Crutcher LLP

2

Letter, the Break-Up Fee is earned if, *inter alia*, the Debtors "will not or cannot enter into the [Exit Facility]." The Lenders are concerned that the Junior Capital Requirement would render the Debtors unable to consummate the Exit Facility, thereby triggering Luxor's right under this provision of the Commitment Letter to the Break-Up Fee. As discussed at length before the Court in connection with the Court's approval of the Commitment Letter, however, if there is a dispute about the entitlement of Luxor to the Break-Up Fee as a result of the particular provision of the Commitment Letter quoted above, the Court will make a determination at that time as to whether Luxor is entitled to the Break-Up Fee under that provision of the Commitment Letter. As such, the Agent will have the opportunity, if the circumstances warrant it, to contest whether Luxor has earned the Break-Up Fee. Accordingly, the Agent has failed to demonstrate any necessity to justify a hearing on an expedited basis.

Dated: August 4, 2010

CRAIG H. MILLET, ESQ.
DAVID M. FELDMAN, ESQ.
GIBSON, DUNN & CRUTCHER LLP


By:  _____/s/ Craig H. Millet_____
              Craig H. Millet

Attorneys for Luxor Capital Group, LP

100914535_3.DOC

Gibson, Dunn &
Crutcher LLP

3