HENNIGAN, BENNETT & DORMAN LLP
BRUCE BENNETT (Cal. Bar No. 105430)
JOSHUA M. MESTER (Cal. Bar No. 194783)
MICHAEL C. SCHNEIDEREIT (Cal. Bar No. 234956)
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Fax: (213) 694-1234

*Reorganization Counsel for*
*Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| *In re* | Case No. 8:09-21712-TA |
| ☐ CALIFORNIA COASTAL COMMUNITIES, INC<br>☐ SIGNAL LANDMARK HOLDINGS INC.<br>☐ SIGNAL LANDMARK<br>☐ HEARTHSIDE HOLDINGS, INC.<br>☐ HEARTHSIDE HOMES, INC.<br>☐ HHI CHANDLER, L.L.C.<br>☐ HHI CHINO II, L.L.C.<br>☐ HHI CROSBY, L.L.C.<br>☐ HHI HELLMAN, L.L.C.<br>☐ HHI LANCASTER I, L.L.C.<br>☐ HHI SENECA, L.L.C.<br>☒ All Debtors<br><br>Debtor. | Jointly Administered with Case Nos.<br>8:09-21713-TA; 8:09-21714-TA;<br>8:09-21715-TA; 8:09-21717-TA;<br>8:09-21718-TA; 8:09-21719-TA;<br>8:09-21720-TA; 8:09-21721-TA;<br>8:09-21722-TA; 8:09-21723-TA<br><br>Chapter 11<br><br>**DECLARATION OF ROBERT H. WARSHAUER IN SUPPORT OF APPLICATION FOR ORDER EXPENDING SCOPE OF RETENTION OF IMPERIAL CAPITAL, LLC AS FINANCIAL ADVISOR FOR THE DEBTORS AND DEBTORS IN POSSESSION**<br><br>No Hearing Required |

1626945.1

I, ROBERT H. WARSHAUER, hereby declare as follows:

1.      I am a Managing Director and Co-Head of the Restructuring Group of the investment banking firm Imperial Capital, LLC ("Imperial").  I have over 23 years' experience as a restructuring professional, including serving as a financial advisor to both debtors and committees in bankruptcy cases, and have extensive experience with the Chapter 11 process.  I am duly authorized to make this Declaration on behalf of Imperial and submit this Declaration in accordance with section 327 and 328 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in connection with the "Application For Order Expanding Scope Of Retention Of Imperial Capital, LLC As Financial Advisor For The Debtors And Debtors In Possession" (the "Application") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for an order approving the retention of Imperial as the Debtors' financial advisor pursuant to 11 U.S.C. §§ 327(a) and 328.

2.      Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein and, if called as a witness, I would testify thereto.  Capitalized terms and phrases not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

3.      Founded in 1997, Imperial has more than 170 employees and operates from offices in Los Angeles, New York, Boston, Minneapolis, Houston and San Francisco.  Imperial is a nationally recognized, full-service investment banking and institutional securities firm offering a wide range of sophisticated capital markets, independent advisory services and institutional sale and trading capabilities.

4.      The Debtors selected Imperial because it has well-regarded, national restructuring and recapitalization practices.  Imperial has advised companies, creditors, financial institutions, institutional investors and funds, trade creditors, equity participants and acquirers in both out-of-court restructurings and complex chapter 11 proceedings.

1626945.1

5.    Imperial's senior banking professionals have been involved in restructurings across virtually every industry, including some of the largest restructurings in the United States. Imperial has provided financial services for debtors, creditors, and other constitutes in numerous chapter 11 cases. *See, e.g., In re MagnaChip Semiconductor Finance Co.*, No. 09-12008 (PJW) (Bankr. D. Del.); *In re Monaco Coach Corp.*, No. 09-10750 (KJC) (Bankr. D. Del.); *In re Qimonda Richmond LLC*, No. 09-10589 (MFW) (Bankr. D. Del.); *In re Landsource Communities Development LLC*, No. 08-11111 (KJC) (Bankr. D. Del.); *In re Aloha Airlines, Inc.*, No. 08-00337 (LK) (Bankr. D. Haw.); *In re Movie Galley Inc.*, No. 07-33849 (DOT) (Bankr. E.D. Va.); *In re Custom Food Products, Inc.*, No. 07-10495 (PJW) (Bankr. D. Del.); *In re Fairfield Residential LLC*, No. 09-14378 (BLS) (Bankr. D. Del.); and *In re Mesaba Aviation, Inc.*, No. 05-39258 (GFK) (Bankr. D. Minn.).

6.    The resources, capabilities and experience of Imperial are necessary to assist the Debtors in these bankruptcy cases. Among other things, Imperial will provide critical services to the Debtors in connection with these chapter 11 cases, including, providing detailed capital markets analysis that will include, among other things, market terms for interest rates, maturities, covenants, for use by the Debtors in restructuring their secured debt obligations. Imperial has considerable experience with rendering such services to debtors and other parties in the context of a chapter 11 case. As such, Imperial is well qualified to perform the work required in these cases.

7.    In addition to its general qualifications, Imperial has recent relevant real estate restructuring experience through (i) its role as financial advisor to the Official Committee Of Unsecured Creditors of LandSource Communities Development LLC and (ii) its role as financial advisor and investment banker to Fairfield Residential LLC.

8.    On April 21, 2010, the Court entered the Order Authorizing Retention Of Imperial Capital, LLC As Financial Advisor For The Debtors And Debtors In Possession (the "<u>Original Employment Order</u>") pursuant to which it approved Imperial's engagement agreement in the form attached to the Stipulation Between The Debtors And Keybank, National Association, As

3

1626945.1

Agent, Resolving Objection To Application To Employ Imperial Capital LLC As Financial Advisor dated March 24, 2010 as Exhibit 1 (the "Original Engagement Letter").

9.  Pursuant to the terms of the terms and conditions in the amendment to the Original Engagement Letter (the "Amended Engagement Letter") attached as Exhibit B to the Application, Imperial has provided, is providing and will continue to provide such advisory services as Imperial and the Debtors deem appropriate and feasible to advise the Debtors in the course of these chapter 11 cases. Specifically, Imperial will render various services to the Debtors including, but not limited to, the following:[1]

    a.    analysis of the Company's business, operations, properties, financial condition, competition, forecast, prospects and management;

    b.    assisting the Company in developing, evaluating, structuring and negotiating the terms and conditions of a potential Restructuring plan;

    c.    assisting the Company in arranging and preparing for due diligence investigations and participating in meetings with the Company's creditor groups related to a Restructuring;

    d.    assisting the Company in the preparation of reports and other materials related to a potential Restructuring, and updates on the Company and its financial performance and assisting the Company in the communication of such materials with its existing key constituents; and

    e.    assisting the Company in the preparation of solicitation materials with respect to the Company's obligations, any securities to be issued in connection with the Restructuring.

10. Subject to the Court's approval of the Application, the Debtors will compensate Imperial in accordance with the terms and conditions of the Amended Engagement Letter for the

---

[1] To the extent that this summary differs from the terms of the Amended Engagement Letter, the terms of the Engagement Letter control.

4

1626945.1

Case 8:09-bk-21712-TA    Doc 414    Filed 08/19/10    Entered 08/19/10 18:03:29    Desc
Main Document    Page 5 of 7

above referenced services, which generally provides the following compensation structure (the "Fee Structure"):

      a.     A cash advisory fee (the "Monthly Fee") of $100,000 per month, paid in advance at the beginning of the month.

      b.     A cash fee (the "Restructuring Transaction Fee") of $700,000 payable upon the closing of a Restructuring or consummation of a confirmed chapter 11 plan implementing a Restructuring.

      c.     In addition, all fees, disbursements and out-of-pocket expenses (the "Expenses") incurred by Imperial in connection with the services to be rendered (including, without limitation, reasonable attorneys' fees, travel and lodging expenses, word processing charges, messenger services, duplicating services, facsimile expenses and other customary expenditures) shall be reimbursed to Imperial, or paid on behalf of Imperial, promptly as billed.

11. The Fee Structure described above is consistent with Imperial's normal and customary billing practices for cases of this size and complexity that require the level and scope of services outlined above. I believe that the foregoing compensation arrangements are (a) reasonable; (b) market-based; and (c) merited by Imperial's restructuring expertise, knowledge of and relationships within the homebuilder industry, as well as its capital markets knowledge and financing skills, experience with the Company and its stakeholders.

12. As part of the overall compensation payable to Imperial, the remaining terms of the Original Engagement Letter shall continue, including the indemnification provisions previously approved by the Court.

13. Imperial will maintain records in support of costs and expenses incurred in connection with the rendering of its services in these chapter 11 cases. In my experience, it is not the general practice of financial advisory and investment banking firms to keep detailed time records similar to those customarily kept by attorneys. However, Imperial will maintain time records (in half hour increments), which shall set forth a description of the services rendered by

5

1626945.1

each restructuring professional and the approximate amount of time expended in providing those services by each such individual, and will file applications for allowance of such fees and expenses. In addition, Imperial will apply to the Court for payment of compensation and reimbursement of expenses subject to section 328(a) of the Bankruptcy Code and any additional procedures that may be established by the Court in these chapter 11 cases.

6

1626945.1

14. Imperial has not shared or agreed to share any of its compensation from the Debtors with any other person, other than other principals and employees of Imperial, as permitted by section 504 of the Bankruptcy Code.

15. I hereby reaffirm my Declaration in support of the Application For Order Authorizing Retention Of Imperial Capital, LLC As Financial Advisor For The Debtors And Debtors In Possession.

I declare that the foregoing is true and correct to the best of my knowledge. Executed this 19th day of August 2010 in ____, New York.

_____
Robert H. Warshauer

1626945.1