HENNIGAN, BENNETT & DORMAN LLP
BRUCE BENNETT (Cal. Bar No. 105430)
JOSHUA M. MESTER (Cal. Bar No. 194783)
MICHAEL C. SCHNEIDEREIT (Cal. Bar No. 234956)
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Fax: (213) 694-1234

*Reorganization Counsel for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

*In re*

☐ CALIFORNIA COASTAL COMMUNITIES, INC.
☐ SIGNAL LANDMARK HOLDINGS, INC.
☐ SIGNAL LANDMARK
☐ HEARTHSIDE HOLDINGS, INC.
☐ HEARTHSIDE HOMES, INC.
☐ HHI CHANDLER, L.L.C.
☐ HHI CHINO II, L.L.C.
☐ HHI CROSBY, L.L.C.
☐ HHI HELLMAN, L.L.C.
☐ HHI LANCASTER I, L.L.C.
☐ HHI SENECA, L.L.C.

☒ All Debtors

Debtors.

Case No. 8:09-21712-TA

Jointly Administered with Case Nos.
8:09-21713-TA; 8:09-21714-TA;
8:09-21715-TA; 8:09-21717-TA;
8:09-21718-TA; 8:09-21719-TA;
8:09-21720-TA; 8:09-21721-TA;
8:09-21722-TA; 8:09-21723-TA

Chapter 11

**OBJECTION TO MOTION OF WILMINGTON TRUST FSB TO (I) RECONSIDER ORDER APPROVING LUXOR EXIT FINANCING COMMITMENT, OR (II) IN THE ALTERNATIVE, TO CLARIFY UNAVAILABILITY OF BREAK UP FEE, IN LIGHT OF NEW CONDITION TO CLOSE ON EXIT FINANCING COMMITMENT**

Hearing

Date: September 8, 2010
Time: 10:00 a.m.
Place: Courtroom "5B"
       411 West Fourth Street
       Santa Ana, CA 92701-4593

1628906.2

California Coastal Communities, Inc. and the above captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this Objection to the Motion Of Wilmington Trust FSB To (I) Reconsider Order Approving Luxor Exit Financing Commitment, Or (II) In The Alternative, To Clarify Unavailability Of Break Up Fee, In Light Of New Condition To Close On Exit Financing Commitment (the "Motion").

Through the Motion, Wilmington Trust has requested that the Court clarify that "the Debtors will have no liability for the Break Up Fee in the event that the Junior Capital Financing condition to the closing of the Exit Facility cannot be satisfied." Motion at 16. As the Debtors have previously stated, the Debtors will not pay any break-up fee absent a further order of this Court allowing such a fee. Similarly, Luxor has conceded that allowance of a break-up fee will require a further order of this Court. Luxor Capital Group, L.P. Response to Ex Parte Application to Shorten Time [Docket No. 400] at 3.

The Court also appears to have agreed that a further order would be required before the estate would be obligated to pay any break-up fee. In denying Wilmington Trust's application to shorten time to consider the Motion, the Court held:

> Most clearly the payment of millions of dollars as a break-up fee requires a court order to be chargeable against this estate. This raises the question of what conditions can be imposed by Luxor or anyone else to creation of the liability for that fee (or as a condition preventing the earning of the fee). **The court's existing order governs** and will continue to govern until it is changed by the court. . . . *the Court will take [the issue of the break-up fee] up as, when and if the fee is proposed to be paid*.

Order Denying Application For Order Setting Hearing On Shortened Time [Docket No. 402] at 4 (bold in the original, italics added). If Luxor brings a request for payment of a break-up fee, all parties in interest will have a full opportunity to raise any and all grounds for opposing the allowance or payment of any break-up fee, including the issues raised by Wilmington Trust in the Motion, such as whether the Commitment Letter included a requirement for $15 million in junior capital or whether Luxor breached the Commitment Letter. The Court should not prematurely adjudicate any of those issues now. Rather, all of these claims should be raised together in the event

-2-

1628906.2

that Luxor brings a request for allowance of a break-up fee.

Wilmington Trust also requests that the Court vacate the Exit Financing Order on the grounds that there is newly discovered evidence or that the Court was originally misled in entering the Exit Financing Order. Both contentions fail. First, Wilmington Trust concedes that its "newly discovered evidence" consists solely of facts and events occurring after the Court entered the Exit Financing Order. Motion at 10. The Ninth Circuit has recognized that "[c]ases construing 'newly discovered evidence,' either under 60(b)(2) or Rule 59, uniformly hold that evidence of events occurring after the trial is not newly discovered evidence within the meaning of the rules." *Corex Corp. v. United States*, 638 F.2d 119, 121 (9th Cir. 1981). Ignoring the uniform holding of these courts, Wilmington Trust instead relies upon a narrow exception by arguing that had the Court been able to consider the subsequent events prior to entering the Exit Financing Order, the Court would not have granted the motion. Motion at 10. While the authorities cited by Wilmington Trust note the existence of a narrow exception to the general rule, neither of those cases actually held that the exception applied. *In re Walker*, 332 B.R. 920, 829-30 (Bankr. D. Nev. 2005) (fact of subsequently missed payment insufficient did not constitute new evidence for reconsideration of decision no relief from stay motion); *State of Washington v. United States*, 214 F.2d 33, 47 (9th Cir. 1954) (two years of subsequent events did not constitute newly discovered evidence).

Failing to identify newly discovered evidence, Wilmington Trust next argues that the Court can vacate its order under Rule 60(b)(6) if the Court was misled about circumstances at the time it issued its decision. Motion at 15. To be clear, at the time the Debtors entered into the Commitment Letter with Luxor, on June 18, 2010, the Debtors never intended to raise an additional $15 million in junior capital financing and had not agreed that securing an additional $15 million in proceeds of junior capital financing would be a condition to closing the Exit Facility. Indeed, none of the projections filed by the Debtors before or with the Third Amended Disclosure Statement for the Third Amended Plan filed on June 24, 2010 ever contemplated raising additional liquidity beyond the financing made available from Luxor, the Debtors' cash on hand, and future revenues. Accordingly, the Debtors did not mislead the Court at the June 18, 2010 hearing.

-3-

1628906.2

Finally, as the Court has already recognized, subsequent proceedings will occur before a break-up fee would be allowed. This was made clear at the June 18, 2010 hearing by Luxor's counsel. Since the Court will have the ability to consider evidence and argument before determining whether a break-up fee has been earned, it is unnecessary to vacate the existing Exit Facility Order.

Accordingly, the Motion should be denied.

DATED: August 25, 2010

HENNIGAN, BENNETT & DORMAN LLP

By: */s/ Joshua M. Mester*
    Bruce Bennett
    Joshua M. Mester
    Michael Schneidereit

Reorganization Counsel for Debtors
and Debtors in Possession

-4-

1628906.2